PADGETT vs. THE STATE OF GEORGIA.

Where by contract between landlord and cropper each was to have one-half of the crop, but the whole was to be the property of the former and under his control until he received both his half and pay for all his advances, it was not a criminal trespass by the cropper, whilst the cotton was in his possession and before the expiration of the year, to remove some of it from the premises and sell it, though the landlord had neither been paid for his advances nor received his share of the crop.   Section 4440 does not apply to crops which the accused produces, of which he has the rightful possession, and in which he has a beneficial interest as part owner.

December 22, 1888.

Landlord and tenant.   Contracts.   Croppers.   Before Judge POWELL.   City court of Newnan.   April term, 1888.

M. A. Padgett was tried in the city court of Newnan on an indictment for trespass.   The evidence for the State showed as follows: W. J. Wood, in the latter part of 1885, leased certain lands and contracted with defendant to cultivate them for 1886.   Wood was to furnish the land and stock, defendant to make the crop, and they were to " go halves" in every thing made. Wood was to have control of the entire crop, and the title to it was to be in him until he was paid for all advances and until he got his half of the crop, due October, 1886.   Defendant sent word to Wood that he had

three bales of cotton ready to be ginned, and Wood sent for it and got only one bale, and defendant sent word that he had only one bale picked out, but he afterwards admitted that he had had two other bales ginned and had carried one to Newnan and sold it. This was done without the consent of Wood and before he was paid for his advances. Wood had gotten $5 or $6 up to that time on account for advances, had furnished defendant $15 to assist in working the crop and three tons of guano; this guano, at the time defendant carried off the cotton, was paid for, except fourteen pounds of lint-cotton, half of which defendant owed Wood. Wood got no cotton-seed for planting from defendant, and defendant is still indebted to him. Defendant told McDonald, who ginned the two bales for him, that he was in a hurry to get the cotton ginned, as he wanted to pay for a wagon he had bought in Newnan. Wood got one of these two bales from McDonald's gin, sending for it and hauling it away.

No evidence was introduced by defendant. In his statement he claimed that Wood got more than his half of the crop; that he owed Wood nothing; that Wood did not furnish him any supplies; did let him have $15, but that was to pay for cotton-seed defendant furnished to replant the crop. Denied sending word to Wood that he (defendant) had no other cotton.

Defendant was found guilty, and moved for a new trial on the grounds, among others, that the verdict was contrary to law and evidence, and of error in the charge of the court in holding that this was a case of landlord and cropper, and in charging §4440 of the code. The motion was overruled, and the defendant excepted.

P. F. SMITH and R. W. FREEMAN, for plaintiff in error.

P. S. WHATLEY, solicitor, and W. Y. ATKINSON, for the State.

BLECKLEY, Chief Justice.

In deciding this case, we take the facts most strongly in favor of the prosecution. We regard the relation of landlord and cropper, rather than that of landlord and tenant, as established, but we entertain no doubt that section 4440 of the code does not apply. In declaring what acts shall be deemed to be trespass and indictable, that section enumerates the following, among others: "The taking and carrying away . . . any . . . cotton . . . from the land . . . of another without the consent of the owner." Here, though the title and control of the cotton were in the landlord by the terms of the contract, the cropper had a beneficial interest as part owner. The cotton was produced by him and was in his rightful possession. The evidence indicates that he was in actual possession of the premises, and that the landlord was not at the time exercising over the same personal superintendence. We think section 4440 of the code is intended to apply to persons who trespass upon the premises, and either sever therefrom and remove the produce, or remove the produce after severance. This case does not come within the purview of the statute, and therefore the verdict was contrary to law, and the charge of the court also was contrary to law, in so far as it differed from this construction of the statute.

Judgment reversed.