## HAWKINS *v.* THE STATE.

BLECKLEY, C. J.—A conviction for the offense of larceny from the house cannot be sustained without proof of the ownership of the property alleged to have been stolen and that the same was of some value. In the present case there was no legal proof of ownership, the only evidence on this point being hearsay, which was illegally admitted; and there was no proof at all as to value.

October 8, 1894.                            *Judgment reversed.*

Indictment for burglary. Before Judge CLARK. Fulton superior court. March term, 1894.

Hawkins was charged with breaking and entering the Houston street school-house and stealing therefrom a clock, the property of the City of Atlanta. He was found guilty of larceny from the house, of goods of the value of less than $50; and his motion for a new trial was overruled. The motion contained the general grounds, and alleged that the court erred in overruling defendant's objection to the testimony of Matthews, the principal of the Houston street school, who on direct examination testified that the clock was the property of the City of Atlanta. On cross-examination he was asked how he knew this, and answered, because Major Slaton (the superintendent of the schools) told him so, that the clock had been in the school-house for four years, and the school-house and property therein belonged to the City of Atlanta,—he knew that because Major Slaton told him so. The objection was on the ground, that there was better evidence of the ownership of the property, the testimony of Matthews being hearsay merely. The ownership of the property did not otherwise appear; nor does the brief of evidence contain any evidence as to its value.

J. E. ROBINSON, for plaintiff in error.

C. D. HILL, solicitor-general, *contra.*