## LANE *v.* THE STATE.

Even if the accused, under the facts as they appear in the record, could be lawfully convicted of the offense of larceny, the judge erred in not granting a new trial in the present case, for the reason that there was no proof that the article alleged to have been stolen was of any value.

Submitted June 15,—Decided July 22, 1901.

Indictment for larceny of cotton.   Before Judge Adams.   City court of Dublin.   May 13, 1901.

*Howard & Armistead,* for plaintiff in error.
*F. G. Corker, solicitor,* contra.

COBB, J.   The accused was placed upon trial upon an indictment charging him with the offense of simple larceny, and was convicted.   His motion for a new trial having been overruled, he excepted.   Upon an examination of the brief of evidence which is contained in the record, it does not appear that there was any evidence showing the value of the article alleged to have been stolen, or that it was of any value.   For this reason the conviction was unauthorized, and the judge should have granted a new trial. *Hawkins* v. *State,* 95 *Ga.* 458; *Smith* v. *State,* Id. 460; *May* v. *State,* 111 *Ga.* 840.   It does not distinctly appear from the evidence for the State exactly what was the relation that existed between the prosecutor and the accused, so far as the property which was alleged to have been the subject of the larceny was concerned, but from the statement of the accused it clearly appears that the relation between them was that of landlord and cropper.   If this was the true relation existing between them the accused would not

be guilty of simple larceny, even if it be true that he converted a portion of the property to his own use without the consent of the landlord.    In *Padgett* v. *State*, 81 *Ga.* 466, it was held that it was not a trespass upon the part of a cropper to remove a portion of the crop from the premises and sell the same without having settled with the landlord, and that for this reason a cropper could not be indicted under the Code of 1882, § 4440 (Penal Code, § 219), declaring certain acts of trespass to be indictable, among them being "the taking and carrying away . . any article, or property of any value whatever, from the land . . of another, without the consent of the owner."    The taking which is necessary to complete the offense of larceny must be a trespass against the owner's possession.    18 Am. & Eng. Enc. L. (2d ed.) p. 469.    See also *Beall* v. *State*, 68 *Ga.* 820.    The conversion by a cropper of a portion of the crop to his own use is, therefore, neither larceny nor an indictable trespass, under our code; though such conduct on the part of a cropper will render him indictable under the statute now contained in Penal Code, § 680.    See also *Hackney* v. *State*, 101 *Ga.* 516.        *Judgment reversed.    All the Justices concurring.*