### 7249.  CREDIT CLEARING HOUSE v. WHEELAND COMPANY.

BROYLES, J.  1.  The clerical error in the date of filing the bill of exceptions in the office of the clerk of the superior court has, upon motion duly made, been corrected; and the bill of exceptions will not be dismissed.

2. Construing together the record, the certificate of the trial judge, and the answer of the judges of the appellate division of the municipal court of Atlanta to the petition for certiorari, it appears that an approved brief of evidence was before the appellate division of the trial court, and is now before this court.

3. The Wheeland Company brought suit against the Credit Clearing House for money had and received. The plaintiff entered into a contract with the defendant, which contained the following provision: "It is understood that we [the Wheeland Company] hereby appoint the Credit Clearing House as our agents to collect such certain accounts and debts due us as we shall, from time to time, place in its possession subject to

its schedule of charges." The plaintiff's agent who signed this contract in its behalf testified that "at the time of the signing of the contract no schedule of charges was furnished me other than the list of charges on their book of drafts, and that furnished on the regular form for the forwarding of accounts to them for collection, same as Exhibit No. 2. That was shown me by their agent at the time I signed the contract. I do not know whether he gave me a copy of the schedule of charges at the time I signed the contract or not, although I think he did. To the best of my recollection the charges shown me were the same as those on Exhibit No. 2." Under the facts of this case it was not error for the trial judge to admit in evidence this printed form (Exhibit No. 2) for listing accounts to be sent to the Credit Clearing House for collection. This form contained the following provision: "Where attorney's services are authorized the customary fee of 10% will prevail subject to the usual sliding scale on large claims." This provision, in the absence of any special contract for attorney's fees, authorized a finding that the defendant's rate of charge when a suit was brought would be not more than ten per cent., and that the plaintiff so understood when the above-mentioned contract was signed.

4. Upon the trial the defendant, through its agent, exhibited a printed card on which it was alleged that the defendant's schedule of rates as to its fees was published  This card contained the provision that the usual ten per cent. attorney's fees for collecting accounts did not apply in cities where bar rates were in force, and that in such cities the customary fees and bar rates would prevail, in the absence of any other agreement. There was no evidence that the plaintiff had ever seen such a card, or had any knowledge of the alleged schedule of rates printed thereon, or of the above-mentioned provision; and it was therefore properly excluded from the evidence.

5. There was no material error on the trial, and the judgment of the court, sitting without the intervention of a jury, was authorized by the evidence.

6. The judge of the superior court did not err in overruling the petition for certiorari.                                          *Judgment affirmed.*

DECIDED JULY 27, 1916.

Certiorari; from Fulton superior court—Judge Bell. November 4, 1915.

*Mayson & Johnson, Alvin L. Richards,* for plaintiff in error.
*Moore & Pomeroy,* contra.