## 22431. HARRIS v. THE STATE.

BROYLES, C. J.  1. The clerical error in the date of filing the bill of exceptions in the office of the clerk of the trial court having been corrected by said clerk, and it now appearing from the record that the bill of excep-

320

tions was filed in the office of said clerk within fifteen days of its certification by the judge, this court has jurisdiction of the case and the writ of error will not be dismissed. *Henderson* v. *Willis*, 160 *Ga.* 638 (128 S. E. 807). *Credit Clearing House* v. *Wheeland Co.*, 18 *Ga. App.* 475 (89 S. E. 634).

2. Where an indictment for burglary alleges, as the purpose of the breaking, the intent to commit a larceny, and where it further alleges, for the purpose of illustrating the intent to steal at the time of the breaking and entering, an actual stealing after the breaking and entering, no description, value, or ownership of any goods intended to be stolen, or actually stolen after the breaking and entering, need be alleged. *Boyd* v. *State*, 4 *Ga. App.* 273 (61 S. E. 134); *Berry* v. *State*, 124 *Ga.* 825 (53 S. E. 316). See, also, in this connection, *Stokes* v. *State*, 84 *Ga.* 258 (10 S. E. 740); *Lanier* v. *State*, 76 *Ga.* 304(1-a). Under the foregoing ruling and the facts of the instant case the special demurrers to the indictment were properly overruled.

3. However, where the accused has been convicted of larceny from the house on such an indictment, the verdict can not be sustained when the evidence failed to show the ownership of the property alleged to have been stolen, *and that the property was of some value. Hawkins* v. *State*, 95 *Ga.* 458 (20 S. E. 217); *Lane* v. *State*, 113 *Ga.* 1040 (39 S. E. 463); *Portwood* v. *State*, 124 *Ga.* 783 (53 S. E. 99). In the instant case there was no proof that the goods alleged to have been stolen were of any value. Therefore the verdict was without evidence to support it, and the court erred in refusing to grant a new trial.

4. A new trial being required under the ruling made in paragraph 3 above, the special grounds of the motion for a new trial (complaining of alleged errors that will not probably recur upon another trial) are not passed upon.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*

DECIDED JANUARY 27, 1933.

*Fred D. Neel, William A. Ingram,* for plaintiff in error.
*John C. Mitchell, solicitor-general,* contra.

