## 36902. BUTTS COUNTY *v.* PITTS *et al.*

QUILLIAN, J. In the present case, it not appearing that the bill of exceptions was filed in the office of the clerk of the superior court within fifteen days from the date of the certificate of the judge, this court is without jurisdiction, and the writ of error must be dismissed. *Partee* v. *State,* 53 *Ga. App.* 323 (185 S. E. 592); *Finch* v. *State,* 73 *Ga. App.* 268 (36 S. E. 2d 362). The record does not disclose that the bill of exceptions was filed at all.

*Writ of error dismissed. Gardner, P. J., Carlisle and Nichols, JJ., concur. Felton, C. J., and Townsend, J., dissent.*

DECIDED NOVEMBER 7, 1957—REHEARING DENIED NOVEMBER 21, 1957 AND DECEMBER 9, 1957.

*Eugene Cook, Attorney-General, Paul Miller, E. J. Summerour, Assistant Attorneys-General, W. M. Redman,* for plaintiff in error.

*Alfred D. Fears, Ray M. Tucker, Ernest M. Smith, Hurt, Gaines, Baird, Peek & Peabody,* contra.

ON MOTION FOR REHEARING.

On the appearance of the case here this court held that it must be dismissed because no entry of filing appeared on the bill of exceptions. Where no date of filing or an incorrect filing date appears on the bill of exceptions, the clerk of the trial court may file a certificate with this court stating the correct date the bill of exceptions was presented to him for filing. Code § 6-1402; *Kersey* v. *Barfield,* 46 *Ga. App.* 442 (167 S. E. 925); *Henderson* v. *Willis,* 160 *Ga.* 638 (128 S. E. 807); *Credit Clearing House* v. *Wheeland Co.,* 18 *Ga. App.* 475 (89 S. E. 634); *Harris* v. *State,* 46 *Ga. App.* 319 (167 S. E. 609).

Since the judgment of this court was entered, the clerk of the superior court has made two certificates, each filed by counsel in this court. The first read: "I, H. H. Caldwell, Clerk of Butts Superior Court, Jackson, Georgia, do certify that Mr. Paul Miller, Atty. of the State Highway Department, did file with me and with me in person a bill of exceptions duly signed and executed by the judge superior court and that same was filed on the 17th day of August 1957. This day was on Saturday

and I recall that same was the same day that a hearing on the matter was had before the judge superior court and Mr. Miller on that same day filed with me the bill of exceptions in the above stated case.

"I further certify that I failed on that day to mark on the bill of exceptions the date filed in office and through error transmitted the same without specifying that date.

"It is thus requested that I be allowed to place the correct date, viz: August 17th, 1957, as the day filed in this office nunc pro tunc, since this was due to my error entirely. This November 8, 1957."

The second was as follows: "I do not remember the date that the bill of exceptions were filed by the plaintiff in error in the above stated case. I know that the bill of exceptions was filed, but I do not remember the date that it was filed. This the 12th day of November, 1957."

It will be observed from the certificates, that the first is dated November 8, 1957, and the second November 12, 1957. This leaves the factual situation of the case as regards the filing of the bill of exceptions, unchanged from that which prevailed when the judgment was formerly entered except that at some undeterminable time the bill of exceptions was filed. The certificates, each evidence as to when the bill of exceptions was filed, are conflicting and contradicted each other.

It still does not unequivocally and positively appear when the bill of exceptions was filed in the office of the clerk of the Superior Court, or that it was filed within the time provided by law.

This is not a case involving the question whether or not this court may, prior to rendering a decision, consider an additional record sent up by the clerk of the trial court after the filing in this court of the original record and bill of exceptions, but where a decision had already been rendered. On motion for rehearing the question determined by this court is whether, in reaching the conclusion on which judgment has been rendered, a material fact in the record, a statute, or controlling decision was overlooked by the court, or such statute or decision erroneously construed of misapplied. Court of Appeals Rule 43 embodied in Code (Ann.) § 24-3643. It follows that the motion for rehearing must be denied.

FELTON, C. J., and TOWNSEND, J., dissenting. When the writ of error in the instant case reached this court, there was no entry of the date of filing with the clerk entered on the bill of exceptions. Subsequently, the following certificate was filed: "Georgia, Butts County. I, H. H. Caldwell, Clerk of Butts Superior Court, Jackson, Georgia, do certify that Mr. Paul Miller, Atty. of the State Highway Department, did file with me and with me in person a bill of exceptions duly signed and executed by the judge superior court and that same was filed on the 17th day of August 1957. This day was on Saturday and I recall that same was the same day that a hearing on the matter was had before the judge superior court and Mr. Miller on that same day filed with me the bill of exceptions in the above stated case.

"I further certify that I failed on that day to mark on the bill of exceptions the date filed in office and through error transmitted the same without specifying that date.

"It is thus requested that I be allowed to place the correct date, viz: August 17th, 1957, as the day filed in this office nunc pro tunc since this was due to my error entirely. This November 8, 1957. /s/ H. H. Caldwell, Clerk Butts Superior Court."

Later, the following certificate was filed in the court: "Georgia, Butts County: This is to certify that the following is a true statement of facts: I do not remember the date that the bill of exceptions was filed by the plaintiff in error in the above stated case. I know that the bill of exceptions was filed, but I do not remember the date that it was filed. This the 12th day of November 1957. /s/ H. H. Caldwell, Clerk of Superior Court—Butts County, Ga.

"Sworn to and subscribed to before me this the 12th. day of Nov. 1957 /s/ Alfred D. Fears, Alfred D. Fears—Notary Public—Butts County, Ga."

Where the writ of error does not contain an entry of the date of filing the bill of exceptions in the clerk's office or where there has been an error in such entry, the clerk by certificate or amended certificate may supply the omission or make the necessary correction, and if such date shows that the filing was within the time prescribed by law, this court has jurisdiction of

the case and the writ of error will not be dismissed. *Kersey* v. *Barfield,* 46 *Ga. App.* 442 (1) (167 S. E. 925); *Henderson* v. *Willis,* 160 *Ga.* 638 (1) (128 S. E. 807). In the instant case the clerk certified by virtue of the first certificate mentioned above that the bill of exceptions was filed in his office on August 17, 1957. This entry made by the clerk as to the date on which the bill of exceptions was filed imports absolute verity. *Felker* v. *Still,* 160 *Ga.* 104 (127 S. E. 609). In the second certificate filed with this court, the clerk merely stated that he knew the bill of exceptions was filed but that he did not remember the *date* of such filing. By virtue of this second certificate, the clerk in no way denies, disputes or changes the *date* of filing as set out in his first certificate and does not change the fact that he had certified that the bill of exceptions was filed in his office on August 17, 1957. *Fincher* v. *Satterfield,* 22 *Ga. App.* 151, 153 (2) (95 S. E. 747). In his second certificate the clerk does not say that he does not remember the *day* on which the bill of exceptions was filed but merely states that he does not remember the *date* on which such filing was made. It is not necessary in making a valid entry of the date of filing that the clerk remember the actual filing or remember the date of the actual filing. He may use whatever means he deems appropriate for determining such date. *Fincher* v. *Satterfield,* supra. Since the date of filing as set out by the clerk in his first certificate became absolute verity and since that date has not been changed or corrected by the clerk, as a matter of law the bill of exceptions was filed within time.

It has been suggested that this court is without jurisdiction to consider the two certificates set out above. "A case decided in the Court of Appeals remains pending therein until the adjournment of the term at which the decision was rendered, unless the remittitur has been transmitted to the trial court. Until then the judgment of the reviewing court is subject to be modified or entirely changed, on motion of either party for a rehearing, timely filed, or by the court ex mero motu." *In re Fite,* 11 *Ga. App.* 665 (5) (76 S. E. 397); *McRae* v. *Boykin,* 54 *Ga. App.* 158, 160 (187 S. E. 271). The case is before us on rehearing and the remittitur is still within the court. When the writ of error was filed in this court there was a deficiency in the record

in that there was no entry of the clerk of the date of the filing of the bill of exceptions in his office. This deficiency raised a jurisdictional question and the writ of error was dismissed because of such deficiency. However, we think that it was incumbent upon this court to direct the clerk of the trial court to supply this deficiency if same could be done. Code § 6-1403 provides: "If at any time, when a case is called for trial, or during the trial, or afterwards while the appellate court may have the same under consideration, it shall be discovered that the record is so incomplete that justice requires the case to be postponed or continued until the record can be made complete, the court shall take such control and give such order and direction as may be proper in the premises." See also Code §§ 6-1304; 6-1402. Code §§ 6-1304 and 6-1403 make it mandatory for this court on its own motion to require the correction of a deficiency in the record where the ends of justice require it. This is a proper case under this Code section. Under this Code section, when it first became apparent to this court that the entry of the date of filing was not contained in the writ of error, it was the duty of this court to require the clerk of the trial court to correct such deficiency if such correction could be made. This, we did not do. The two certificates of the clerk, the first of which corrected this deficiency, and the second which did not change the first, were filed in this court at the same time as was the motion for rehearing. Since that deficiency has been corrected without an order of this court, it is perfectly obvious that an order requiring such correction is not necessary, and the formalities of such an order will be dispensed with.

It is further suggested that we cannot go into this matter on rehearing because Rule 43 (c) of the court provides: "No motion for a rehearing will be entertained which does not expressly point out what material fact in the record, or controlling statute or decision, has been overlooked by the court, or what provision of law or controlling authority has been erroneously construed or misapplied." The majority holds that the motion in the present case does not point out what material fact in the record, or what controlling statute or decision, has been overlooked by this court or what provision of law or authority has been erroneously construed or misapplied. The original decision of this

court concerned the question of jurisdiction of this court and that same question is the question presented in the motion for a rehearing. Further, the deficiency of the record which would have deprived this court of jurisdiction was not made apparent for the first time on a motion for rehearing, as that deficiency existed in the record at the time of the first decision and should have been discovered by this court without motion of either party in the case. . While the rule stated above requires the movant in a motion for a rehearing to point out what Code section was overlooked by this court in rendering its first decision, I do not think such rule applies to Code § 6-1403 because that Code section is mandatory upon this court and requires this court at any time while we have a case under consideration to follow the provisions set out therein.