### 25249. BOWEN v. THE STATE.

SUBMITTED JUNE 12, 1969—DECIDED JULY 10, 1969.

*Neil L. Heimanson, Jess Watson,* for appellant.

*Lewis R. Slaton, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Mathew Robins, Assistant Attorneys General,* for appellee.

NICHOLS, Justice. ■ Two enumerations of error complain of the admission of allegedly hearsay testimony. No objection was made to such testimony on the trial of the case and accordingly, no question is presented for decision as to the admission of such testimony. See *Sides v. State,* 213 Ga. 482 (99 SE2d 884).

However, such evidence will be examined to determine if it had probative value in considering whether the evidence supported the verdict.

The widow of the deceased testified that her husband had, some four months prior to the homicide, telephoned her and related how the defendant had pulled him out of bed and beat him up as the result of alleged infidelity on the part of the defendant's wife with the deceased. The mother of the defendant and the deceased testified that she was present when the beating referred to took place. Therefore, even if the testimony of the widow was inadmissible as hearsay, the facts related were shown by testimony of an eyewitness.

The other testimony claimed to be hearsay came from the wife of a third brother who testified as to the sayings of the deceased shortly before the homicide. This testimony was to the effect that the deceased answered a telephone in the witness's home (where the deceased was also living); she then related his part of the conversation and his action as a result of such conversation. The telephone conversation took place immediately before the deceased left to meet the defendant and the testimony was admissible to explain the conduct of the deceased in leaving and meeting the defendant. See *Code* § 38-302.

There was evidence that the defendant's wife confessed infidelity to the defendant in December before the homicide in April, that on such occasion the defendant "beat up" both the deceased and the defendant's wife, that from that date until the day of the homicide the defendant had not seen or talked to the deceased, that at about 6:30 p.m. the defendant called the wife of the deceased and, after asking if she knew of the trouble between the brothers, told her he was going to kill her husband, that he later called the deceased and asked him to meet him at the intersection where the homicide occurred, that the deceased left to meet the defendant and within a few minutes the fatal exchange of shots took place in which both brothers were shot. There was also testimony that the defendant had "whipped" his wife on at least one occasion after her confession and before the date of the homicide, and that the defendant got mad about it over and over. In making his unsworn statement, the defendant

admitted firing the fatal shot but contended it was in self-defense, that the deceased had called him and requested the meeting, that when he arrived and started to get out of the automobile and walk toward the deceased, the deceased started shooting. The evidence authorized the verdict.

■ The defendant enumerates as error the charge "on the presumption of malice." The charge given was "malice may also exist although there be no evidence of express malice, and this is what is known as malice implied. Malice shall be implied where no considerable provocation appears and where all the circumstances of the killing show an abandoned and malignant heart. If it appears that the killing was done without malice, then the homicide is not murder." This charge was not error.

■ The sole remaining enumeration of error complains of the charge on mutual combat and of the giving of *Code* § 26-1014 in charge.

What was said by the defendant in the telephone conversation immediately before the deceased met the defendant and his death is not known, but it is known that each arrived at the scene with a pistol. The defendant said the deceased began shooting and he returned the fire in self-defense. No one else was present. Was a challenge extended over the telephone? Had they agreed to fight? They did meet and each fired shots. Under such circumstances, the law with reference to mutual combat was properly given to the jury and *Code* § 26-1014 was properly given in charge and limited to the instructions dealing with mutual combat. Thus the present case is distinguishable from *Brown v. State,* 223 Ga. 76, 80 (153 SE2d 709) and similar cases where the charge of *Code* § 26-1014 was not limited to mutual combat.

No reversible error being shown, the verdict and sentence must be affirmed.

*Judgment affirmed. All the Justices concur.*