## 30495. MACK v. RICKETTS.

GUNTER, Justice.

We determined that there was probable cause for review of this habeas corpus judgment that was adverse to the appellant. The issue to be decided here is a rather narrow one: whether the appellant was properly convicted for having committed a felony, or whether he could only have been convicted for having committed a misdemeanor. The habeas judge held that the felony conviction was proper, and he remanded the appellant to custody.

The charge contained in the indictment accused appellant of taking "seventy-two (72) dollars in money and assorted clothing, of the value of $72, the property of

Clifford Lanier. . ." The appellant waived trial by jury, and after a trial before the judge, the following sentence was entered: "It is the judgment of the court that the defendant is guilty of theft by taking over the value of $100."

No exception was taken to this judgment prior to the filing of the application for a writ of habeas corpus. At the habeas corpus hearing it was conceded that the evidence in the convicting court showed that the value of the items taken exceeded $100, but appellant's contention was that since the indictment merely charged a misdemeanor, the taking of items of a value of less than $100, the conviction for a felony, a crime not charged in the indictment, cannot stand.

The Criminal Code of Georgia provides that a person convicted of theft by taking shall be punished as for a misdemeanor except when the value of the property which was the subject of the theft exceeds $100. If the value exceeds $100 the punishment is not less than one nor more than ten years. Code Ann. § 26-1812 (a).

We therefore hold that theft by taking is only one crime, and the punishment for that crime is controlled by the value of the property taken. In this case the indictment charged the crime of theft by taking, and it is undisputed that the evidence showed that the value of the property taken by appellant exceeded $100.

Under the Criminal Code of Georgia there are not two theft by taking crimes, one being a misdemeanor and the other being a felony. There is only one such crime, and upon conviction for it, the punishment only is determined by the value of the property taken.

The ambiguity in the indictment in this case with respect to amount was immaterial since it clearly charged the crime of theft by taking.

*Judgment affirmed. All the Justices concur, except Ingram, J., who dissents.*

ARGUED NOVEMBER 12, 1975 — DECIDED JANUARY 6, 1976 —
REHEARING DENIED JANUARY 27, 1976.

*James C. Bonner, Jr.,* for appellant.

*Larry Evans, Arthur K. Bolton, Attorney General, Lois F. Oakley, Staff Assistant Attorney General,* for appellee.