## 54404. BROWN v. THE STATE.

BELL, Chief Judge.

The defendant was convicted of theft by taking of 14 sweaters, the property of a retail store in the value of $181.86. *Held:*

1. The store manager, who had been employed in various capacities including sales work for the past 14 years at this store, testified that the retail selling price of

one of the individual sweaters was $12.99 which established a total value of $181.86, the amount alleged in the indictment. On cross examination, she was asked as to the cost price or wholesale price of the sweaters and she answered that she did not know. At this time, counsel for the state objected urging that the retail value was only relevant. The court sustained the objection stating that the defendant might not go into the cost or wholesale price. No Georgia case has been cited to us which bears on the criteria of value in thefts from retail businesses and our research does not disclose any. However, courts of several of our sister states have faced the issue and have held that once retail value was established, wholesale value or price was not relevant. See People v. DeBartolo, 322 NE2d 251 (Ill. App.) (1975); Maisel v. People, 442 P2d 399 (Colo SC) (1968); People v. Irrizari, 156 NE2d 69 (Ct. of App. NY) (1959); Lauder v. State, 195 A2d 610 (Ct. of App. Md.) (1963). We likewise hold that retail value or price is the standard to be used in theft by taking cases from retail establishments and where once established the wholesale price is not relevant. But in any event, no error was shown here as the witness testified she had no knowledge as to the cost and the defendant thereafter made no offer of proof that he could establish any wholesale price through this or any other witness.

2. The evidence authorized the verdict. Therefore, it was not error to deny the motion for directed verdict of acquittal.

3. The remaining enumerations are all without merit.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

ARGUED SEPTEMBER 20, 1977 — DECIDED OCTOBER 28, 1977.

*Markwalter, Cook & Shaffer, R. Robider Markwalter,* for appellant.

*Walker P. Johnson, Jr., District Attorney, Willis B. Sparks, III, Assistant District Attorney,* for appellee.