## 54478. YOUNG v. THE STATE.

McMURRAY, Judge.

Defendant was indicted for theft by taking. The property allegedly taken was seven men's shirts of the value of $153. The jury found the defendant guilty as charged, and he was sentenced by the trial court to serve a term of years in confinement. After his motion for new trial was denied, defendant appeals. *Held:*

1. Defendant contends that he was denied a fair and impartial trial due to the misconduct of various jurors. Defendant's counsel has submitted in his brief the affidavits of two of the jurors. One of these affidavits states that the juror referred to materials in the law library in an attempt to resolve the question of value. The other affidavit shows that another juror read and considered as evidence the indictment in an attempt to resolve this question.

Although defense counsel states in his brief that these affidavits were presented to the trial court on the hearing for motion for new trial they are not present in the record before this court. Nor is there any other evidence in the record to support this contention. This court cannot consider factual representations in the appellant's brief which do not appear in the record. *Coweta Bonding Co. v. Carter,* 230 Ga. 585, 586 (1) (198 SE2d 281); *Stone v. Ridgeway,* 136 Ga. App. 264, 267 (2) (220 SE2d 722).

2. The indictment charged that the property stolen was of a value of $153. On cross examination the state's witness was asked by defendant's counsel: ". . . Q. Isn't it a fact that you simply arrived at this approximate figure of $153 by simply looking at the retail price tags on these garments and itemizing them? A. That's exactly how I arrived at the price. . ." In *Brown v. State,* 143 Ga. App. 678 (239 SE2d 556), we held that retail value or price was a permissible standard to be used in establishing value in theft cases from retail establishments. Thus the defendant himself on cross examination established the retail value of the shirts by eliciting the quoted testimony from the state's witness. Proof of retail price is a fact which proves value in theft cases and in these cases it is not opinion evidence. Whether the admission of the

memorandum also showing the value of the shirts was or was not error, is unnecessary to decide for, if error, it was harmless as the retail value of these shirts had already been established by the evidence adduced by the defendant. The judgment should be affirmed as the evidence authorized the verdict.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

SUBMITTED SEPTEMBER 20, 1977 — DECIDED FEBRUARY 7, 1978.

*Gregory A. King,* for appellant.

*M. Randall Peek, District Attorney, George N. Guest, Assistant District Attorney,* for appellee.