## 56639. BRYAN v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals from his conviction of theft by taking. *Held:*

1. The defense counsel and his client were the first to arrive in the trial courtroom. He placed his briefcase and exhibits on the table nearest the jury and then he and the defendant departed for a cup of coffee in the cafeteria. When he arrived back in the courtroom, his briefcase and exhibits had been moved to another table and the table he formerly used was now occupied by the assistant district attorney. He brought this matter to the attention of the court and contended that "under the due process clause of the Constitution and under the equal protection clause of the Constitution, absent any local rule or any statute to the contrary, [the defendant 'has a right'] to be permitted to use any counsel table that he wishes that is available at the time."

The assistant district attorney stated when the defendant originally placed his articles upon the table that he was informed by the bailiff that the table he was attempting to use was "the table that the state uses in the trial of all cases in this county." Although this is hearsay, we will consider it as the basis for the subsequent actions of the assistant district attorney in removing the defense articles. Code § 38-302; *Bowen v. State,* 225 Ga. 423 (1a) (169 SE2d 322).

The court pointed out to the counsel that the district attorney had always occupied that table, and the same policy was carried out in the other courtrooms. Counsel has cited no authority for this unusual assignment of error as a "constitutional right" and we have found none. "The judge has a discretion in regulating and controlling the business of the court, and the appellate court should never interfere with the exercise of this discretion unless it is plainly apparent that wrong has resulted from its abuse." *Clark v. Bd. of Dental Examiners,* 240 Ga. 289, 292 (240 SE2d 250). We find no abuse of discretion. See *Loomis v. State,* 78 Ga. App. 153 (20) (51 SE2d 13); Code § 24-104.

2. Defendant moved for a directed verdict at the close

of the state's evidence, contending there was a failure of the state to prove the value of the property was in excess of a value of $100, as alleged.

Only where there is no conflict in the evidence and a verdict of acquittal is demanded as a matter of law would it be error for the trial court to refuse to direct a verdict for the defendant. Code Ann. § 27-1802 (Ga. L. 1971, pp. 460, 461); *Merino v. State,* 230 Ga. 604 (1) (198 SE2d 311).

Value is not an element, per se, of the statute defining the offense of theft by taking. See Code Ann. § 26-1802 (CCG § 26-1802; Ga. L. 1968, pp. 1249, 1290; as amended through 1975, pp. 876, 877); *Stancell v. State,* 146 Ga. App. 773. However, value is relevant in ascertaining punishment to be imposed. Code Ann. § 26-1802 (CCG § 26-1812; Ga. L. 1968, pp. 1249, 1295; 1972, pp. 841, 842); *Mack v. Ricketts,* 236 Ga. 86, 87 (222 SE2d 337). Thus, value can be an issue in any theft case, in the same manner as an element of the substantive offense itself. Furthermore, it has been the rule in both of our appellate courts, under antecedent statutes of Code Ann. § 26-1802, that "it must appear that the stolen property is of some value" or a conviction cannot be sustained. *Sudan v. State,* 68 Ga. App. 752 (3) (23 SE2d 867). Accord, *Hawkins v. State,* 95 Ga. 458 (20 SE 217); *Lane v. State,* 113 Ga. 1040 (39 SE 463); *Portwood v. State,* 124 Ga. 783 (1) (53 SE 99); *Taylor v. Means,* 139 Ga. 578 (77 SE 373).

On a motion for directed verdict by a defendant made at the close of the prosecution's evidence, an appellate court can consider all evidence admitted during the trial, including that submitted by the defendant (*Bethay v. State,* 235 Ga. 371, 375 (219 SE2d 743)), and if there is "any evidence" to sustain the ruling of the trial court, an appellate court will not disturb his decision. *Peluso v. State,* 139 Ga. App. 433, 434 (228 SE2d 395).

There was evidence of value offered by both sides. A security officer for the J. C. Penney outlet store testified that the value of the air compressor was $159.77. The defendant himself testified that "those air compressors cost like $600 or $700 for that type of air compressor. This was, I think, $150, something like that, dirt cheap." If

there is "any evidence" that the property which is the subject of theft is of "some value" the conviction can be sustained. *Dotson v. State,* 144 Ga. App. 113, 114 (240 SE2d 238). There was substantial evidence of value. Thus, it was not error for the trial court to deny the motion for directed verdict based on lack of proof of value.

In *Brown v. State,* 143 Ga. App. 678 (239 SE2d 556), this court held that retail value or price is the standard to be used in establishing value in theft by taking from a retail establishment. This rule was reaffirmed in *Young v. State,* 144 Ga. App. 712 (2) (242 SE2d 351). The value of the item was established to be in excess of $100. *Cox v. State,* 137 Ga. App. 794 (1) (224 SE2d 845); *Brown v. State,* 143 Ga. App. 678, supra. This enumeration is without merit.

3. Defendant enumerates as error a ruling of the court which permitted two witnesses for the state to testify in rebuttal after they had re-entered the courtroom following the conclusion of their testimony. The rule of sequestration had been invoked.

We find no prejudicial error. The court found that both witnesses had been excused before they re-entered the courtroom. The district attorney stated that they were rebuttal witnesses and when they were released he did not know that it would be necessary to recall them in rebuttal.

A trial judge is vested with broad discretionary authority in administering the sequestration rule. *Pearley v. State,* 235 Ga. 276, 277 (219 SE2d 404). "Disobedience of a sequestration order may subject the offender to punishment for contempt or may affect his credit, but does not render the witness incompetent to testify, or disqualify his testimony." *Watts v. State,* 239 Ga. 725, 731 (238 SE2d 894). The statute itself states that "[t]he court shall take proper care to effect this object as far as practicable and convenient, but no mere irregularity shall exclude the witness." Code § 38-1703. This enumeration is also meritless.

4. We have reviewed grounds enumerated by the defendant as a basis for a new trial, to the trial court, and find that the trial court did not err in refusing to grant a new trial on the grounds stated.

*Judgment affirmed. Webb and McMurray, JJ., concur.*

SUBMITTED OCTOBER 16, 1978 — DECIDED NOVEMBER 22, 1978 — REHEARING DENIED DECEMBER 14, 1978 —

*Kehir & Baker, Paul H. Kehir,* for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney,* for appellee.