## A89A0270. GILBERT v. THE STATE.
(382 SE2d 630)

SOGNIER, Judge.

Douglas Lamar Gilbert was convicted of one count of aggravated child molestation and two counts of child molestation involving his stepdaughter, who was nine years old at the time of the incident, and he filed this appeal.

1. Appellant enumerates the general grounds, contending that the uncorroborated testimony of the victim was insufficient proof of the charged crimes, and that the State did not prove he committed aggravated child molestation after July 1, 1984, the effective date of OCGA § 16-6-4 (c) (Ga. L. 1984, p. 685, § 1).

The victim, who was thirteen at the time of the trial, testified that during the time at issue she lived with her mother, who was employed full time, and appellant. The victim testified that over a period of months appellant, who was unemployed at the time, would be at home when she arrived from school, and that on several occasions he touched her breasts and genitals, attempted to pull her head toward his penis, masturbated in front of her, and once removed her underwear and kissed her vagina. She stated that the acts occurred in their house and at a nearby park, and that appellant's actions continued throughout the 1984-85 school year and into the summer of 1985 until she reported the incidents to her father and stepmother, who contacted authorities and arranged for the victim to move in with them. The victim also stated that her mother was pregnant during that year and appellant informed her that "the reason why he was doing this to me was because mom couldn't fulfill his needs and that she couldn't have sex with him anymore."

"There is no requirement that the testimony of the victim of child molestation be corroborated. [Cit.]" *Adams v. State*, 186 Ga. App. 599 (1) (367 SE2d 871) (1988). Construing the evidence and inferences therefrom in favor of the verdict, we conclude a rational trier of fact could have found appellant guilty of the charged offenses beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see also *Thompson v. State*, 187 Ga. App. 563 (370 SE2d 819) (1988). Further, given the evidence adduced at trial, the jury was authorized to conclude that the aggravated molestation involving the act of sodomy in violation of OCGA § 16-6-4 (c) was committed after July 1, 1984.

2. Appellant next enumerates as error the trial court's denial of his motion for mistrial made after the victim referred to a polygraph test. The record reveals that in response to a question on redirect inquiring where she went after talking with a state child welfare representative, the victim stated, "I'm not sure if it's — when we had to go to take the lie detector test." The trial judge denied appellant's mo-

tion for a mistrial, but did give curative instructions to the jury, after which appellant renewed his motion.

This evidence was clearly inadmissible, as the parties had not stipulated to the admissibility of the results of any polygraph test, and did give the jurors a basis for inferring that the victim passed the test, thus bolstering her credibility. See *Williams v. State*, 251 Ga. 749, 803-804 (15) (312 SE2d 40) (1983). However, as there is no indication the prosecutor solicited the information, compare id., the answer was not responsive to the question and did not directly reveal that the victim had passed the test, and the trial court gave curative instructions, we find no abuse of discretion in the denial of the mistrial motion. See *Snell v. State*, 160 Ga. App. 74-75 (1) (286 SE2d 52) (1981).

3. Appellant also contends the trial court erred by denying his motion for mistrial made after the State's expert witness on the child abuse accommodation syndrome testified that the victim had experienced nightmares.

The record reveals that the State offered the testimony of Dr. Guy Jordan, a licensed psychologist, on the characteristics of the child abuse accommodation syndrome. After the State's offer of proof, the court ruled that the testimony was admissible but that the witness should confine his testimony to elements of the syndrome and anything he personally observed when treating the victim. In response to a question from the prosecutor concerning how often he saw the victim, Dr. Jordan stated that he initially saw her twice a week "because she was exhibiting some depression and some problems with nightmares." Appellant contends the trial court should have granted his ensuing motion for mistrial because the statement concerning nightmares, which the witness previously had testified were sometimes a component of the syndrome, was based on hearsay and also went to the ultimate issue to be decided by the jury.

We do not agree. Although the challenged testimony may have been outside the scope of the trial judge's instructions, it was based on a statement made by the victim during the course of medical diagnosis or treatment and thus was admissible under OCGA § 24-3-4. *Southern R. Co. v. Lawson*, 256 Ga. 798, 801-802 (3) (353 SE2d 491) (1987); see *Sparks v. State*, 172 Ga. App. 891, 892 (2) (324 SE2d 824) (1984). Further, Dr. Jordan's statement did not fall within the category of impermissible expert testimony because he did not give his opinion that the victim had been molested or that she was suffering from the child abuse accommodation syndrome. Compare *Allison v. State*, 256 Ga. 851-853 (1-6) (353 SE2d 805) (1987).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

Decided May 5, 1989 —
Rehearing denied May 17, 1989 —

Sexton, Turner & Moody, Lee Sexton, for appellant.
Robert E. Keller, District Attorney, Lisa Ann Curia, Assistant District Attorney, for appellee.