A90A1198. SWEET v. THE STATE.
(396 SE2d 82)

McMURRAY, Presiding Judge.

Defendant was indicted for enticing a child for indecent purposes, child molestation and aggravated child molestation. The case was tried before a jury and defendant was found guilty on all three counts. This appeal followed. *Held:*

1. First, defendant contends the offense of aggravated child molestation factually merged with the offense of child molestation, resulting in error in the imposition of a separate sentence for each crime.

" '(O)ffenses merge as a matter of fact pursuant to OCGA § 16-1-6 (1) if one of them is established by proof of the same or less than all the facts required to prove the other.' *Young v. State*, 177 Ga. App. 756, 757 (2) (341 SE2d 286) (1986)." *LeGallienne v. State*, 180 Ga. App. 108, 111 (4) (348 SE2d 471). In the case sub judice, the indictment charged defendant with separate and different sexual acts. The act which constituted the offense of aggravated child molestation was proved without any reference to the acts which constituted the offense of child molestation. *Garrett v. State*, 188 Ga. App. 176, 177 (3) (372 SE2d 506). Consequently, the trial court did not err in entering separate sentences for the offenses of aggravated child molestation and child molestation.

2. Next, defendant contends "[t]he trial court's charge regarding flight unfairly shifted the burden of proof to [him] on said issue and penalized [him] for exercising his Fifth Amendment right to remain silent." In this regard, the trial court charged the jury as follows:

"Flight, if any, and similar acts, if proven, from which an inference of guilt may be drawn may be considered by the jury. But flight is subject to explanation. The weight to be given to it or whether the jury will draw any inference of consciousness of guilt or not is for the jury. It is for the jury to determine whether flight of this defendant, if such has been proven, was due to a sense of guilt or to other reasons. If from other reasons no inference hurtful to the defendant must be drawn by the jury."

This instruction was neither burden shifting nor violative of defendant's right to remain silent. *Terrell v. State*, 258 Ga. 722, 723 (2) (373 SE2d 751).

3. In his final enumeration, defendant asserts the general grounds.

At trial, the ten-year-old victim testified and gave a detailed account of how defendant committed acts which constituted the crimes charged. This evidence was sufficient to authorize the jury's finding of guilty of the offenses charged against defendant, beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Gilbert v. State*, 191 Ga. App. 574 (1) (382 SE2d 630).

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED JULY 16, 1990.

*Debra B. Randall*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Assistant District Attorneys*, for appellee.