A91A0374. GRICE v. THE STATE.
(406 SE2d 262)

COOPER, Judge.

Appellant was convicted by a jury of theft by taking and appeals the denial of his motion for new trial, raising five enumerations of error.

1. " 'Defense counsel has concluded his arguments as to [certain of the] enumeration[s] of error by stating the trial court's action violated [appellant's] rights under certain designated sections of the United States and Georgia Constitutions. It behooves counsel appearing before this court to recognize that rote repetition of constitutional provisions is totally ineffective in raising a constitutional issue for this court's determination. A constitutional issue cannot be considered when asserted for the first time on appeal but must be clearly raised in the trial court and distinctly ruled upon there. Contentions regarding a constitutional issue which were not made below are thus not passed upon here.' [Cit.]" *Martin v. State*, 195 Ga. App. 548 (1) (394 SE2d 551) (1990).

2. Appellant first enumerates as error the admission into evidence of the testimony of two employees of the jewelry store as to the retail price of the diamond ring stolen from the store. Appellant contends that where the property taken is a unique object such as a work of art, antique or diamond ring, the valuation of the stolen item should be accomplished only by expert testimony. We disagree. Retail value or price is the standard to be used in establishing value in theft by taking from retail establishments. *Brown v. State*, 143 Ga. App. 678 (1) (239 SE2d 556) (1977). See also *Bryan v. State*, 148 Ga. App. 428 (2) (251 SE2d 338) (1978). Moreover, this court has previously held that "[o]ne need not be an expert or dealer in the article but may testify as to value if he has an opportunity to form a correct opinion. [Cits.]" *Ragsdale v. State*, 170 Ga. App. 448, 449 (317 SE2d 288) (1984). In the case sub judice, both of the witnesses were employees of the jewelry store familiar with the stolen diamond ring, and therefore competent to testify as to its value. Appellant had an opportunity to cross-examine the witnesses and to present contrary evidence of value, if he had wanted to do so. Accordingly, this enumeration of error is without merit.

3. Appellant enumerates as error, the admission into evidence of an exhibit evidencing that the jewelry store paid $1,175 for the diamond ring. Appellant correctly cites from *Brown v. State* at 679, that "retail value or price is the standard to be used in theft by taking

cases from retail establishments and where once established the wholesale price is not relevant." However, "the rule that cost price is not probative evidence of market value is ameliorated by the allowance of proof of price at purchase as a circumstance from which value may be inferred." *Ragsdale*, supra at 449. In the present case witnesses testified that the retail price of the diamond ring at the time it was stolen was $1,496, and an exhibit was offered into evidence which indicated that the jewelry store paid $1,175 for the ring. Although the wholesale cost of the ring may not have had probative value under *Brown v. State*, any error was harmless error, as the higher retail value of the ring had already been properly established by the evidence. See *Young v. State*, 144 Ga. App. 712 (2) (242 SE2d 351) (1978).

4. Appellant enumerates as error the trial court's denial of his motion for directed verdict on the basis that the State failed to prove the value of the ring to be in excess of $500. The value of a stolen item is relevant only for the purpose of distinguishing between a misdemeanor and a felony. *Dotson v. State*, 144 Ga. App. 113 (2) (240 SE2d 238) (1977). "If there is 'any evidence' that the property which is the subject of theft is of 'some value' the conviction can be sustained. [Cit.]" *Bryan v. State*, supra at 429, 430. In the present case, there is no question that the State established value. Thus, it was not error for the trial court to deny appellant's motion for directed verdict.

5. In his fourth enumeration of error, appellant argues that the trial court's charge on flight was unconstitutionally burden-shifting. We disagree. The jury charge on flight given by the trial court was neither burden-shifting, nor violative of appellant's constitutional rights. *Terrell v. State*, 258 Ga. 722 (2) (373 SE2d 751) (1988); *Sweet v. State*, 196 Ga. App. 451 (2) (396 SE2d 82) (1990).

6. In his fifth enumeration of error, appellant argues that the trial court erred in failing to instruct the jury on how to determine value. The transcript reveals that following the charge to the jury, the trial court asked for objections to the jury charges. Appellant's counsel objected only to the charge on flight. " 'If the trial court asks whether or not there are any objections to the charge, counsel must *either* state his objections *or* reserve his right to object on motion for new trial or on appeal.' [Cit.] An appellant cannot elect to object at trial to some of the charges and reserve his right to object to additional charges later. . . . 'In the absence of an objection to the alleged improper charge or reservation of the right to object, the asserted error is waived.' [Cits.]" *Laster v. State*, 196 Ga. App. 854, 855 (397 SE2d 191) (1990). Moreover, appellant did not request a charge on value. " '(T)his court has held that where there has been no written request to charge, failure to give the charge is not error. [Cits.]' [Cits.]" *Lamb*

*v. State*, 196 Ga. App. 665 (3) (396 SE2d 497) (1990). Appellant's acquiescence to the jury charges as given, precludes him from objecting to the omission of a charge on determining value on appeal.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED MAY 31, 1991.

*Jackson & Schiavone, G. Terry Jackson, Mark E. Smith*, for appellant.

*Spencer Lawton, Jr., District Attorney, David E. Langford, Assistant District Attorney*, for appellee.