A92A0687. HOLMES v. THE STATE.
(421 SE2d 311)

COOPER, Judge.

Appellant was convicted by a jury of armed robbery and aggravated assault. He appeals from the judgment and sentence entered on the jury verdict and from the denial of his motion for new trial.

The evidence adduced at trial shows that the victim worked the night shift at a Burger King Restaurant where appellant was employed to clean the restaurant after it closed. The victim was alone in the restaurant as he prepared to leave after closing the restaurant. After the victim had locked all of the doors, he heard the door to the restaurant open and assumed that it was appellant coming in to clean the restaurant. The victim felt a hand on his back which he thought was appellant's hand, but when the victim turned around, he faced a man wearing a pillowcase mask and socks on his hands. The victim testified that he could see between the cuts made in the pillowcase and that he recognized the person underneath as appellant by his voice and because of a peculiar feature of appellant's eyes. The man put a knife to the victim's stomach, forced the victim to open the safe and then told the victim to lie on the floor. The man took the money from the safe, but was apparently disappointed about the amount of money in the safe and told the victim to show him the day's receipts. The man snatched the victim off the floor and in the process dropped the knife. The victim attempted to escape; a struggle ensued, and the victim was cut on the arm. The victim was then able to escape, and the man left the restaurant and ran in the direction where appellant lived. As the man ran away, the victim saw him hitch up his pants in a manner similar to the way appellant frequently hitched up his pants. The victim then called the police, and when they arrived, the victim told them that appellant had committed the robbery. A short time later appellant was arrested and brought back to the restaurant where the victim identified appellant as the robber. A footprint was taken from the crime scene which matched appellant's, and the mask and socks worn by the robber were found on a path leading from the scene of the crime to appellant's residence. A knife was found during a search of appellant's room at a boarding house, and a sum of currency was found in a trash bag outside appellant's room.

1. Appellant first contends that the trial court erred in its recharge to the jury on aggravated assault. In his recharge, the trial judge first instructed the jury on simple assault in accordance with

OCGA § 16-5-20 (a). The judge then stated: "A person commits aggravated assault when he does *that* (referring back to the charge on simple assault) or when he assaults (repeating, and now using the term 'assault' in place of 'that') another person with a deadly weapon, which when used offensively against a person is likely to or actually does result in serious bodily injury." (Emphasis and parenthetical remarks added.) In complaining of the charge, appellant places emphasis on the word "or" and argues that the recharge authorized a finding of guilt of aggravated assault based upon a finding of simple assault. "In determining whether the recharge contained error, it is fundamental that we must look at not only the recharge but the original charge as well, as jury instructions must be read and considered as a whole in determining whether the charges contain error. [Cit.]" *Taylor v. State*, 195 Ga. App. 314 (1) (393 SE2d 690) (1990). Viewing the charge as a whole, we do not find that the recharge would mislead a jury of average intelligence. *Taylor*, supra at 315.

2. Appellant contends that the trial court erred in not finding that the aggravated assault conviction merged with the armed robbery conviction. " ' "(O)ffenses merge as a matter of fact pursuant to OCGA § 16-1-6 (1) if one of them is established by proof of the same or less than all the facts required to prove the other." [Cit.]' [Cit.]" *Sweet v. State*, 196 Ga. App. 451 (1) (396 SE2d 82) (1990). The evidence reflects that appellant forced the victim at knifepoint to open the safe and that after taking the money from the safe, appellant cut the victim during the victim's attempt to escape. Since the act which constituted the offense of armed robbery was proved without any reference to the act which constituted the aggravated assault, no merger occurred. See *Sweet*, supra.

3. In his third enumeration of error appellant contends that his trial counsel was ineffective. At the hearing on appellant's motion for new trial, appellant cited the following instances of ineffectiveness: trial counsel's failure to adequately cross-examine the victim with respect to the defect he noticed in appellant's eye, the failure to account for appellant's key to the restaurant, the failure to locate witnesses to support appellant's alibi defense, the failure to find missing portions of the stolen money, and the failure to impeach the victim's positive identification of the knife used during the robbery. " ' "In order to prevail on an ineffectiveness claim, a convicted defendant must show (1) 'that counsel's performance was deficient,' i.e., that counsel's performance was not reasonable under all the circumstances, and (2) that this 'deficient performance prejudiced the defense,' i.e., that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' (Cit.) 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' (Cit.) The complaining defendant

must make both showings. His failure 'to establish either the performance or the prejudice component results in denial of his Sixth Amendment claim.' (Cit.)" ' [Cit.]" *Ponder v. State*, 201 Ga. App. 388 (1) (411 SE2d 119) (1991). Our review of the transcript from that hearing reveals that the purported deficiencies were part of a conscious and deliberate trial strategy, and there was no showing made that appellant's trial counsel's performance was deficient in any way or that but for counsel's alleged errors the outcome of the trial would have been different. Moreover, given the totality of the evidence against appellant, we conclude that appellant's motion for new trial on the ground of ineffective assistance of counsel was properly denied. *Ponder*, supra at 390.

4. In his final enumeration of error, appellant contends that the trial court erred in ordering appellant to reimburse the county for the services of his court appointed attorney without first conducting a hearing as to appellant's ability to pay for the services. We agree with appellant and hereby vacate that portion of the sentence. *Owens v. State*, 187 Ga. App. 262 (1) (369 SE2d 919) (1988).

*Judgment of conviction is affirmed. Sentence vacated in part. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 26, 1992 —
RECONSIDERATION DENIED JULY 23, 1992 —

*Lenzer & Lenzer, Thomas P. Lenzer, Robert W. Lenzer*, for appellant.

*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.