## A97A1354. ROYSTER v. THE STATE.
(487 SE2d 491)

ELDRIDGE, Judge.

Two accusations drawn in the State Court of Troup County charged appellant Royster with the offense of theft by taking of $200 and $62, respectively, from a Wendy's Restaurant. A jury trial followed, and appellant was found guilty as charged under both accusations. She appeals, raising as her sole enumeration of error that the State Court did not have jurisdiction to try the case since the offense of theft by taking is "automatically a felony," and only the punishment is classified as a misdemeanor when the value of the goods taken proves to be less than $500. OCGA §§ 16-8-2; 16-8-12 (a) (1). Appellant cites our Supreme Court's decision in *Mack v. Ricketts*, 236 Ga. 86 (222 SE2d 337) (1976), as standing for this proposition. We disagree, and for the reasons that follow, we affirm appellant's conviction.

A felony offense is defined, in pertinent part, as "a crime punishable by . . . imprisonment for more than 12 months." OCGA § 16-1-3 (5). A misdemeanor offense is defined as "any crime other than a felony," i.e., any offense punishable by imprisonment for *less* than 12 months. OCGA § 16-1-3 (9). Thus, the maximum punishment that may be imposed for those acts that are designated a crime under our Code is what distinguishes a felony crime from a misdemeanor crime.

Subject matter jurisdiction is conferred upon the state courts to try misdemeanor offenses. Ga. Const. of 1983, Art. VI, Sec. III, Par. I; OCGA § 15-7-4 (1). The superior courts have concurrent jurisdiction with other courts in misdemeanor cases. *Clifton v. State*, 53 Ga. 241 (1874); *Bell v. State of Ga.*, 41 Ga. 589 (1871).

The offense in the case before us, theft by taking, may be punished as either a misdemeanor or a felony: "[a] person convicted of a violation of Code Sections 16-8-2 [theft by taking] through 16-8-9 shall be punished as for a misdemeanor except: (1) [i]f the property which was the subject of the theft exceeded $500.00 in value, by imprisonment for not less than one nor more than ten years or, in the discretion of the trial judge, as for a misdemeanor[.]" OCGA § 16-8-12 (a) (1). Because theft by taking may be classified as either a felony or misdemeanor, we have held that an indictment or accusation must specify the value of the goods taken, not as an element of the crime, but in order to put an accused on notice of whether he must defend against a misdemeanor or a felony. *State v. Stamey*, 211 Ga. App. 837, 839 (440 SE2d 725) (1994). Such designation also affects the applicable statute of limitation. *State v. Williams*, 172 Ga. App. 708 (324 SE2d 557) (1984).

Further, "[i]n our system of criminal justice it is elementary that an accused should be tried only for the particular offense with which

he is charged." *Black v. Caldwell*, 231 Ga. 589, 591 (203 SE2d 208) (1974); compare *State v. Hendrixson*, 251 Ga. 853 (310 SE2d 526) (1984). " '(A)n accused cannot receive a sentence greater than that prescribed by law for the crime for which he was indicted and convicted.' " *Pruitt v. State*, 135 Ga. App. 677, 681 (218 SE2d 679) (1975); *Black*, supra at 592-593. Consequently when, as here, the prosecution's accusation specifies an offense as theft by taking with the value of the goods taken as less than $500, such offense *is* a misdemeanor, since the punishment for such offense as charged must, by law, be less than 12 months. "[O]ne cannot be indicted by a Grand Jury for [one] offense carrying a maximum punishment, and then have that maximum punishment increased[.]" *Black*, supra at 593; see also *Elrod v. Caldwell*, 232 Ga. 876, 877 (209 SE2d 207) (1974). Clearly then, appellant's contention that the offense of theft by taking is "automatically a felony" and only the punishment may reflect a misdemeanor is simply incorrect. In the instant case, appellant was charged with the theft by taking of goods valued at under $500; the maximum penalty for such offense is less than 12 months; such offense, as charged, is a misdemeanor and by law must be punished as such. Accordingly, the State Court of Troup County had jurisdiction to try the case.

The Supreme Court's decision in *Mack v. Ricketts*, supra, does not demand a different result. *Mack* involved neither jurisdictional nor due process issues, but was "narrowly" decided on a claim of error asserting, in essence, a variance between the allegata and probata. Id.

*Mack* was decided under our 1933 Code wherein the theft of goods valued at more than $100 determined whether the offense was punished as a felony or misdemeanor. In *Mack*, the defendant was indicted for taking " 'seventy-two (72) dollars in money *and* assorted clothing, of the value of $72' "; the defendant was found guilty of " 'theft by taking over the value of $100.' " (Emphasis supplied.) *Mack*, supra at 86-87. The defendant maintained that the indictment alleged a misdemeanor offense, and that because the evidence proved a felony taking in excess of $100, the conviction "cannot stand." Id. at 87.

The Court found that the indictment contained an ambiguity as to the value of the goods. However, the ambiguity was immaterial since the indictment "clearly charged the crime of theft by taking"; that theft by taking is "one crime" containing the same essential elements, regardless of whether the offense is punished as a felony or a misdemeanor. Id. Thus, there was no material variance between what was alleged and what was proved. See, e.g., *Partridge v. State*, 187 Ga. App. 325, 327 (370 SE2d 173) (1988). The *Mack* decision simply joins the long line of appellate decisions that have held that the

value of the goods taken is not an essential element of theft by taking, but simply determines the punishment that may be imposed. See *Wilson v. Reed*, 246 Ga. 743 (272 SE2d 699) (1980); *Bryan v. State*, 148 Ga. App. 428 (251 SE2d 338) (1978). Clearly, jurisdiction is not conferred upon a court on the basis of the "essential elements" of the crime charged, but upon the classification of the crime as a felony or a misdemeanor, i.e., the maximum punishment that may be imposed for the offense as alleged in the indictment or accusation.[1] Therefore, the *Mack* decision impacts not at all on the case sub judice, wherein there was no ambiguity in the accusations; the accusations specifically alleged against appellant offenses with maximum punishments of *less* than 12 months, i.e., misdemeanor offenses. Accordingly, trial was proper in the State Court of Troup County.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED JUNE 9, 1997.
Before Judge Little.
*Jackie G. Patterson, Yasma M. M. Patterson*, for appellant.
*Louis J. Kirby, Solicitor*, for appellee.

---

[1] Compare *Bass v. State*, 169 Ga. App. 520 (313 SE2d 776) (1984), wherein the crime of entering an auto, OCGA § 16-8-18, is specified as a felony offense that is, when indicted, subject to a punishment of one to five years. However, *in its discretion at the time of sentencing*, the trial court may sentence as for a misdemeanor. Thus, the offense, when charged by the State in an indictment, will always be a felony offense. And, clearly, the exercise of the trial court's discretion at the time of sentencing does not change the nature of the offense as charged in the indictment.