## A97A1785. CARTWRIGHT v. THE STATE.

(494 SE2d 99)

Judge Harold R. Banke.

After a bench trial in state court, Christopher Cartwright was convicted of nine counts of theft by deception. In his sole enumeration of error, Cartwright challenges the state court's jurisdiction.

This case arose after Cartwright moved in with the victim, a disabled man surviving solely on social security. Over a three week period, Cartwright paid the victim for food and services with nine checks which were returned for insufficient funds. None of the checks was written for an amount exceeding $280. *Held*:

Cartwright contends that the state court lacked jurisdiction over his case because theft by deception is "automatically" a felony. This argument is foreclosed by *Royster v. State*, 226 Ga. App. 737 (487 SE2d 491) (1997), in which we rejected this argument.

State courts have jurisdiction over "the trial of criminal cases below the grade of felony." OCGA § 15-7-4 (a) (1). The Code defines felonies in pertinent part as crimes punishable by imprisonment for more than 12 months. OCGA § 16-1-3 (5). "[A]ny crime other than a felony" is a misdemeanor. OCGA § 16-1-3 (9).

Whether a crime is classified as a misdemeanor or a felony with the option of misdemeanor punishment depends on the specific language of the statute under which the defendant is charged. See *Williams v. State*, 222 Ga. App. 698, 699 (1) (475 SE2d 667) (1996). Violations of OCGA § 16-8-3, under which Cartwright was charged, "shall be punished as for a misdemeanor except: . . . [i]f the property which was the subject of the theft exceeded $500.00 in value. . . ." OCGA § 16-8-12 (a) (1). Under the circumstances of this case, where none of the checks exceeded $280, the trial court lacked discretion to impose anything other than a misdemeanor sentence. Compare *Bass v. State*, 169 Ga. App. 520 (313 SE2d 776) (1984); *Andrews v. State*, 130 Ga. App. 2, 3 (202 SE2d 246) (1973). Accordingly, we find jurisdiction in the state court permissible.

*Mack v. Ricketts*, 236 Ga. 86 (222 SE2d 337) (1976) does not require a different result. As we observed in *Royster*, "*Mack* involved neither jurisdictional nor due process issues, but was 'narrowly' decided on a claim of error asserting, in essence, a variance between the allegata and probata." *Royster*, 226 Ga. App. at 738-739. We therefore affirm.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED NOVEMBER 14, 1997.

*Patterson & Patterson, Jackie G. Patterson, Yasma Patterson*, for

appellant.

*Louis J. Kirby, Solicitor,* for appellee.