## 48125. KENT v. THE STATE.

STOLZ, Judge. Does the State Court of Clarke County have jurisdiction to try a person charged in an accusation with the offense of "Possession of Marihuana"?

The resolution of this question lies on the face of the accusation itself. "Possession of Marihuana" is a felony. As such, the State Court of Clark County could not have jurisdiction to try a person so charged.

The Supreme Court of Georgia, in its recent decision in *Fowler v. State,* 229 Ga. 884 (194 SE2d 923), indicated that while jurisdiction of a felony is vested in the superior court, the *punishment* may, under certain conditions, be reduced from felony to misdemeanor under the provisions of Code § 27-2501 and Code Ann. § 79A-9917, but that this does not reduce the *offense* to a misdemeanor.

The General Assembly at its 1973 session amended Code Ann. § 79A-9917 (Ga. L. 1971, p. 271; Ga. L. 1973, p. 688) so as to make possession of one ounce or less of marijuana (sic) by a first offender a misdemeanor. In order for the provisions of this 1973 amendment to be invoked so as to charge an accused thereunder with a misdemeanor, and thus confer jurisdiction in the state court, the indictment/accusation forming the basis for the charges, must *affirmatively show* that the accused is charged with the possession of one ounce or less of marijuana (or marihuana) and that the accused is a first offender.

Accordingly, the State Court of Clarke County did not have jurisdiction over the accused under an accusation charging him with "Possession of Marihuana," and all proceedings held in the state court pursuant thereto are a nullity.

*Judgment reversed. Eberhardt, P. J., and Pannell, J., concur.*
    SUBMITTED MAY 2, 1973 — DECIDED MAY 9, 1973.

*Clary & Kent, Horace T. Clary,* for appellant.