## 35350. RAMSEY v. POWELL.

MARSHALL, Justice.

The appellee, as a citizen and taxpayer of DeKalb County, filed a quo warranto action, challenging the appellant's right to remain in office as an elected member of the DeKalb County Board of Education after being sentenced for two counts of false swearing based on his guilty plea. The appeal is from the judgment disqualifying the appellant to hold office, removing him from office, and declaring the office to be vacant. *Held:*

The judgment ousting the appellant from office was based upon Ga. Const., 1976, Art. II, Sec. II, Par. I (Code Ann. § 2-501), which provides in part: "[T]he following classes of person shall not be permitted to . . . hold any office, or appointment of honor, or trust in this State, to-wit: . . . Those who shall have been convicted in any court of competent jurisdiction of . . . any crime *involving moral turpitude, punishable by the laws of this State with imprisonment in the penitentiary,* unless such persons shall have been pardoned" and upon Code § 89-101, which provides in part: "The following persons are held and deemed ineligible to hold any civil office, and the existence of any of the following states of facts shall be a sufficient reason for vacating any office held by such person, . . . *All persons from any cause constitutionally disqualified* . . ." (Emphasis supplied.)

It is clear that the offense of false swearing is "punishable by the laws of this State with imprisonment in the penitentiary" for more than 12 months, i.e., a felony. Code Ann. § 26-2402 (Ga. L. 1968, pp. 1249, 1310); Code Ann. § 26-401(e) (Ga. L. 1968, pp. 1249, 1263; 1970, pp. 236, 237; 1973, pp. 292, 295); *Hill v. State,* 164 Ga. 298 (3) (138 SE 229) (1927). It is also a "crime involving moral turpitude," since it involves dishonesty. See *Lewis v.*

*State,* 243 Ga. 443 (254 SE2d 830) (1979) and cits.; *Huff v. Anderson,* 212 Ga. 32, 34 (2) (90 SE2d 329) (1955) and cits.; Op. Atty. Gen., No. 76-69; In re King, 165 Ore. 103 (105 P2d 870) (1940).

The appellant contends, however, that the trial judge reduced the *crime,* not just the punishment, to a misdemeanor, by stating, "Now, I have reduced this from a felony to a misdemeanor, because a felony conviction can do you irreparable harm the rest of your life." He argues that this result is possible under the following statutes: Code § 27-2501; Code § 27-2527; and Code Ann. § 26-3101 (b) (Ga. L. 1968, pp. 1249, 1334). Code § 27-2501 was impliedly repealed by Code Ann. § 26-3101. *Ezzard v. State,* 229 Ga. 465 (6) (192 SE2d 374) (1972). Whereas the language in § 27-2501 ("he may, in fixing the punishment, reduce such felonies to misdemeanors") might on its face seem to support the appellant's argument, the language in § 26-3101 ("impose punishment as for a misdemeanor") is a clearer expression of legislative intent that it is the punishment, not the class of crime, which is reducible. Code Ann. § 27-2527, supra, provides in part: "No person shall have the benefit of this section except those convicted of misdemeanors or *felonies which have been reduced to misdemeanors* either by the judge upon his own motion or upon recommendation of the jury." (Emphasis supplied.) Although this language also refers to reducing felonies to misdemeanors, it has been held repeatedly that it is the punishment, rather than the offense itself, which is reduced, and that "it is not the punishment imposed in a given case but the punishment that may be imposed that characterizes the crime." *Lewis v. State,* 243 Ga. 443, supra, p. 445, citing United States v. Moreland, 258 U. S. 433 (42 SC 368, 66 LE 700) (1922); *Fowler v. State,* 229 Ga. 884 (194 SE2d 923) (1972); *Wells v. State,* 116 Ga. 87 (42 SE 390) (1902) ; *Kent v. State,* 129 Ga. App. 71 (198 SE2d 712) (1973); *Helton v. State,* 84 Ga. App. 485, 489 (66 SE2d 139) (1951).

Accordingly, the defendant has been convicted in a "court of competent jurisdiction" of a "crime involving moral turpitude, punishable by the laws of this State with imprisonment in the penitentiary," has not been

pardoned, and hence falls within those classes of person designated by the Constitution who shall not be permitted to hold office in this state.

*Judgment affirmed. All the Justices concur, except Jordan and Hill, JJ., who concur in the judgment only.*

SUBMITTED OCTOBER 9, 1979 — DECIDED NOVEMBER 21, 1979.

*William R. Hurst*, for appellant.
*John W. Stokes, Jr.*, for appellee.