## 67040. BASS v. THE STATE.

POPE, Judge.

Following a trial before a judge sitting without a jury, appellant was found guilty in the State Court of Thomas County of entering an automobile with intent to commit theft in violation of OCGA § 16-8-18 (Code Ann. § 26-1813.1). On March 7, 1983 he was sentenced to serve twelve months in a public work camp. This sentence was modified on April 12, 1983 to allow appellant to serve the balance on probation.

Appellant's first enumeration of error challenges the jurisdiction of the State Court of Thomas County to try him for the offense charged in the accusation. State courts "shall have criminal jurisdiction in the county over all misdemeanor cases, but shall not have any jurisdiction over felony cases." OCGA § 15-7-7 (Code Ann. § 24-2106a). Appellant was charged with violating OCGA § 16-8-18 (Code Ann. § 26-1813.1) which provides: "If any person shall enter any automobile . . . with the intent to commit a theft . . ., he shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than one nor more than five years, or, in the discretion of the trial judge, as for a misdemeanor." "While the above statute grants the trial judge discretion to impose misdemeanor punishment this provision does not reduce the *offense* to a misdemeanor." *Andrews v. State,* 130 Ga. App. 2, 3 (202 SE2d 246) (1973). Accord, *Papp v. State,* 129 Ga. App. 718 (201 SE2d 157) (1973). Accordingly, the State Court of Thomas County did not have jurisdiction over the appellant under the accusation, and all proceedings held in the state court pursuant thereto are a nullity. *Kent v. State,* 129 Ga. App. 71 (198 SE2d 712) (1973).

*Judgment reversed. Quillian, P. J., and Sognier, J., concur.*

DECIDED JANUARY 16, 1984.

*Michael R. Hauptman, Larry B. Mims,* for appellant.
*Elliott P. McCollum, Jr., Solicitor,* for appellee.