72071. GENERAL ACCIDENT INSURANCE COMPANY
v. WELLS.
(346 SE2d 886)

BENHAM, Judge.

Appellee, A. G. Wells, Jr., filed a petition in probate court seeking appointment as permanent administrator of the estate of William T. Millican III, an attorney. Appellant, General Accident Insurance Company, the decedent's errors and omissions carrier, filed a caveat to appellee's petition, contending appellee was statutorily unqualified under OCGA § 53-6-24 to be appointed administrator of the estate. The probate court granted letters of administration to appellee, thereby implicitly denying appellant's caveat. Pursuant to OCGA §§ 15-6-8 and 5-3-29, appellant filed its appeal in superior court from the denial of its caveat. Cross-motions for summary judgment were filed, and the superior court granted appellee's motion. Appellant filed an application for discretionary review of the trial court's order, which application was granted by this court.

1. By way of amicus curiae briefs filed in this court as well as in the trial court, the question of appellant's standing to file a caveat has been raised. Indeed, in the trial court, appellee amended his motion for summary judgment to place before the trial court the issue of appellant's standing. The trial court concluded that "the issue of standing does not control the decision in this case since the Court finds that [appellee] is legally qualified, having been nominated by creditors of the estate after adequate notice to all parties at interest. [Cit.]" There being no ruling by the trial court on the standing issues, there is nothing for this court to review. *International &c. Local 387 v. Moore,* 149 Ga. App. 431 (7) (254 SE2d 438) (1979). Inasmuch as

appellant was a party in the trial court, it had the right to file an appeal and is now properly before this court. OCGA § 5-6-33 (a). A cross-appeal, citing as error the trial court's refusal to rule on the standing issue, would have presented that issue for appellate review.

2. OCGA § 53-6-24 contains rules to be observed in granting letters of administration. The surviving spouse is first entitled to the grant of letters of administration (§ 53-6-24 (1)), followed by the next of kin (§ 53-6-24 (2)). Where no application is made by the next of kin, a creditor may be appointed administrator (§ 53-6-24 (5)). Persons entitled to an estate may select a disinterested person as administrator and, if otherwise qualified, he shall be appointed. OCGA § 53-6-24 (6). However, "[n]o person who is neither of kin to the intestate, nor a creditor, nor otherwise interested in the grant of administration, except as provided in this Code section, shall be appointed administrator." OCGA § 53-6-24 (8).

Appellant maintains error was committed because appellee was appointed administrator despite the fact he is not of kin to the intestate, not a nominee of those entitled to the estate, not a creditor, and not otherwise interested in the estate. Appellee contends he may serve as administrator as the nominee of creditors of the estate. The trial court determined that in the absence of an application by the next of kin, a creditor may be appointed, and noted that persons entitled to the estate may select a disinterested person who shall be appointed administrator if he is otherwise qualified. The trial court then ruled appellee qualified to serve as administrator, implicitly holding that creditors were persons entitled to the estate and therefore entitled to select a disinterested third party under § 53-6-24 (6).

"Under the code, there is no authority on the part of the creditors to nominate a person, unless they nominate a creditor." *Tanner v. Huss*, 80 Ga. 614, 616 (6 SE 18) (1887). Since appellee was not a creditor of the estate, he was not qualified to be appointed by the estate's creditors under § 53-6-24 (6). Thus, appellee's appointment as administrator is valid only if the fact that appellee's appointment was not opposed by the next of kin stands on equal footing as their nomination of him as administrator under § 53-6-24 (6). In light of the wording of the statute, we cannot hold that acquiescence in an application is tantamount to nomination. The record reflects that the document entitled "selection of heirs" by which appellee allegedly was nominated as administrator was not signed by anyone. Therefore, since appellee was not nominated by heirs, is not an heir, next of kin, or a creditor, his appointment as administrator was erroneous.

*Judgment reversed. Deen, P. J., and Beasley, J., concur.*

DECIDED JUNE 20, 1986.

*Frank W. Seiler, M. Brice Ladson, Joseph A. Mulherin III,* for appellant.

*Alvin G. Wells, Jr., Roland B. Williams, George L. Lewis, Patrick J. Rice, Lynn M. Schubert, C. Grant Washington, Grady K. Reddick,* for appellee.

*George L. Lewis,* amicus curiae.