77342. THE STATE v. TEMPLE.
(375 SE2d 300)

BIRDSONG, Chief Judge.

The State brings this appeal from the sentence imposed by the trial court upon Horace Temple. Temple entered pleas of guilty to indictments charging armed robbery, robbery by intimidation (two counts), burglary (two counts), and forgery. The State agreed to dismiss four other indictments but there was no recommendation as to a sentence. An additional count alleged Temple was a recidivist, based upon a prior conviction for "possession of tools for commission of crime. . . ." For that prior offense, appellant had been sentenced to twelve months confinement, which was probated. In the case at bar, Temple was sentenced to five years on the forgery, five years on each burglary—to be served concurrently with the forgery sentence, five years on one robbery by intimidation—to be served consecutively to the first five years, ten years on the second robbery by intimidation—to be served concurrently with prior sentences, and twenty

years on the armed robbery—ten years to serve concurrently with the other sentences, and ten years probated. The court then addressed the recidivist count. The State contended a life sentence was mandatory. The appellee argued that in the prior offense appellant was sentenced as a misdemeanant and he was never committed to prison and "in order to qualify as a recidivist he had to have previously been confined to a penal institution." Argument was heard as to whether the prior offense was a felony or a misdemeanor. The court ruled: "Well, I'm going to treat it as if the charge were a misdemeanor and that leaves me to have to sentence him under these things with which he's charged." The State brings this appeal. *Held*:

1. The offense of "possession of tools for the commission of crime" is punishable with confinement for "not less than one nor more than five years." OCGA § 16-7-20. An offense is properly classified as a felony if it is "punishable by death, by imprisonment for life, or by imprisonment for more than 12 months." OCGA § 16-1-3 (5). Since this crime is "punishable" for confinement by up to five years, it is a felony.

The recidivist statute, OCGA § 17-10-7 (a), provides, inter alia: "Any person convicted of a *felony* offense in this state and sentenced to confinement in a penal institution, who shall afterwards commit a crime punishable by confinement in a penal institution, shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he stands convicted, provided that, unless otherwise provided by law, the trial judge may, in his discretion, probate or suspend the maximum sentence prescribed for the offense." Temple was "sentenced to confinement for a period of *12 months* in the State Penal System . . .." but the confinement was probated.

The appellant now stands convicted of armed robbery which is punishable by imprisonment for life "or by imprisonment for not less than five nor more than 20 years. . . ." OCGA § 16-8-41 (b), as amended. The net effect of appellant's present sentence is 20 years confinement, ten to serve.

Although the prior offense upon which the recidivist count is based was a felony, the trial court imposed a misdemeanor sentence. Hence, does the prior offense qualify to invoke the recidivist statute? The Supreme Court has faced this issue before. In *Ramsey v. Powell*, 244 Ga. 745, 746 (262 SE2d 61), it was held " 'it is not the punishment imposed in a given case but the punishment that may be imposed that characterizes the crime.' " Accord *Lewis v. State*, 243 Ga. 443, 445 (254 SE2d 830). The imposable sentence for possession of tools for commission of crime makes it a felony. The prior offense being a felony and the present offenses involving felonies, the maximum sentence is mandatory. *Hammond v. State*, 139 Ga. App. 820

(229 SE2d 685). The maximum sentence is life imprisonment. Although the recidivist statute permits the trial judge, "in his discretion [to] probate or suspend the maximum sentence prescribed," it also adds the proviso that this is discretionary "unless otherwise provided by law." OCGA § 17-10-7 (a). Probation may not be imposed upon a sentence to life imprisonment. OCGA § 17-10-1 (a); *State v. Baldwin*, 167 Ga. App. 737 (4) (307 SE2d 679). The trial court erred in imposition of sentence. Accordingly, the judgment must be reversed and the case remanded for resentencing in accordance with the foregoing.

2. The State has filed a motion to delete and dismiss all portions of the record to which the enumerated error does not pertain. We find no useful purpose in granting such motion. The material referred to neither helps nor hinders our resolution of the enumerated error. Because of the result we reach, i.e., returning the record to the trial court, the State may pursue its remedy in that court, if it so desires. The motion is denied.

*Judgment reversed and case remanded with direction. Banke, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 15, 1988.

Spencer Lawton, Jr., District Attorney; John T. Garcia, Assistant District Attorney, for appellant.

Barry R. Brown, for appellee.