**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Efosa Lyon AIMUFUA, Defendant–Appellant.**

**No. 90–8594**

**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

July 12, 1991.

Lynn Fant, Federal Defender Program, Inc., Atlanta, Ga., for defendant-appellant.

Amy D. Levin, Asst. U.S. Atty., Atlanta, Ga., for appellee.

Before KRAVITCH, HATCHETT and EDMONDSON, Circuit Judges.

PER CURIAM:

In this sentencing case, we hold that the district court's denial of a two-point reduc-

**22.** *Taylor,* 353 U.S. at 560, 77 S.Ct. at 1041.

tion for acceptance of responsibility and departure upward one level based on the commission of the same offense does not amount to impermissible double counting under the Sentencing Guidelines.

## FACTS

In March, 1988, Efosa Lyon Aimufua (Aimufua) submitted an application for temporary resident status to the Immigration and Naturalization Service (INS). On the application, Aimufua stated that he had been employed from February, 1986, through June, 1986, as a field worker in Huntsville, Alabama, by Lurlee Curry. Aimufua also submitted an affidavit signed by Curry and himself confirming his employment from February to June, 1986.

In June, 1989, an INS special agent interviewed Lurlee Curry and Curry told the agent that he could neither read nor write and that Aimufua had misrepresented the purpose of the document bearing his signature. Curry then signed a sworn affidavit stating that he never employed Aimufua between February and June of 1986.

In August, 1989, a grand jury indicted Aimufua on two counts of making false statements to the INS as a result of his application for temporary resident status in violation of 8 U.S.C. § 1160(b)(7)(A)(i). Between the time of his initial appearance and his indictment, the court released Aimufua on $6,000 bond. In September, 1989, Aimufua entered a plea of guilty to both counts of the indictment. Prior to trial in November, 1989, South Carolina authorities arrested Aimufua for bank fraud. Aimufua entered a guilty plea in the South Carolina District Court, and the court postponed sentencing in the bank fraud case pending sentencing in this immigration case.

Following receipt of the Pre–Sentence Investigation Report (PSI), the court assessed Aimufua's base offense level as 8 with a criminal history category of II, giving him a guideline range of four to ten months in prison.* In May, 1990, the dis-

trict court sentenced Aimufua to twelve months in prison. The district court denied Aimufua's motion for a two-point reduction for acceptance of responsibility under Sentencing Guideline § 3E1.1 because Aimufua had committed bank fraud while on bail for this offense. Additionally, the district court departed upward two points under Sentencing Guideline § 5K2.0 because Aimufua's offense level and criminal history did not account for the bank fraud he committed while on bail.

Aimufua presents one issue on appeal: whether the district court erred in denying him a two-point reduction for acceptance of responsibility and departing upward one level based on his commission of a felony in South Carolina while on bail.

## DISCUSSION

■ The issue of double counting under U.S.S.G. §§ 3E1.1 and 5K2.0 is one of first impression in this circuit. Aimufua argues that the denial of a two-point reduction for acceptance of responsibility and the upward departure by two points under section 5K2.0 punished him twice for the bank fraud offense committed while he was on bail. Additionally, Aimufua argues that the sentence in this case necessarily increased his criminal history score, thereby affecting his upcoming sentence on the bank fraud offense.

■ We review Aimufua's allegations of error under a *de novo* standard. *See United States v. Goolsby*, 908 F.2d 861, 863 (11th Cir.1990) (quoting *United States v. Williams*, 891 F.2d 212, 214 (9th Cir.1989)). This circuit has held that in those circumstances where the Sentencing Commission intended to except an otherwise applicable element from increasing a sentence, the Commission expressly states its intent. *See United States v. Goolsby*, 908 F.2d at 863. Thus, we conduct a two-part inquiry in examining Aimufua's claims: (1) whether the Commission intended the result

* The Sentencing Guidelines have no provisions for violation of 8 U.S.C. § 1160(b)(7)(A)(i). Thus, the district court sentenced Aimufua under U.S.S.G. § 2L1.2, entitled "Unlawfully Enter-

ing or Remaining in the United States." This provision was the most analogous to the offenses Aimufua committed.

about which Aimufua complains; and (2) assuming the Commission intended that result, whether it is permissible based on the facts of this case. *See United States v. Wyckoff,* 918 F.2d 925, 927 (11th Cir.1990).

Section 3E1.1, the provision governing acceptance of responsibility, permits a two-point reduction "if the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." U.S.S.G. § 3E1.1. The commentary to section 3E1.1 provides that in determining whether a defendant qualifies for a two-point reduction for acceptance of responsibility, the district court should consider, among other things, whether the defendant terminated or withdrew from criminal conduct or associations. U.S.S.G. § 3E1.1, application note 1. The Sentencing Commission ordinarily allows a denial of an acceptance of responsibility reduction if the defendant's conduct amounts to obstruction of justice under U.S.S.G. § 3C1.1. *See* U.S.S.G. § 3E1.1 application note 4. Thus, section 3E1.1 in its commentary permits the use of the same conduct to trigger two separate guideline sections.

Furthermore, U.S.S.G. § 5K2.0 allows the district court to "depart from the guidelines even though the reason for departure is taken into consideration in the guidelines (e.g. as a specific offense characteristic or other adjustment)." Thus, the Sentencing Guidelines recognized the potential for double counting in certain cases involving both section 3E1.1 and section 5K2.0. The guidelines list no specific rule to prohibit such double counting. *See United States v. Shaw,* 883 F.2d 10, 13 (5th Cir.1989).

Moreover, both sections 3E1.1 and 5K2.0 permit such double counting because each section concerns conceptually separate notions relating to sentencing. *See United States v. Goolsby,* 908 F.2d at 861. Specifically, section 3E1.1 operates to ameliorate a sentence for a defendant who has shown sincere remorse for his crime while an upward departure from the guidelines under section 5K2.0 enhances an otherwise inadequate sentence. Under the Sentencing Guidelines, Aimufua's criminal history category did not take into account the bank fraud offense committed while Aimufua was on bail in this case. Thus, the district court correctly departed from the guidelines in sentencing Aimufua. Additionally, the district court correctly denied Aimufua a two-point reduction for acceptance of responsibility due to Aimufua's failure to terminate or withdraw from criminal conduct.

## CONCLUSION

Accordingly, the judgment of the district court is affirmed.

AFFIRMED.