## A96A1472. WILLIAMS v. THE STATE.

(475 SE2d 667)

BLACKBURN, Judge.

Patricia Williams appeals her conviction for possessing less than one ounce of marijuana, asserting that the State Court of Jeff Davis County lacked jurisdiction to hear her case.

Prior to trial, Williams sought to dismiss the charge, asserting that, by virtue of her former conviction of possession of marijuana, her current charge could not be treated as a misdemeanor under OCGA § 16-13-2 (b), and therefore, the trial court was without jurisdiction. The trial court denied her motion, determining that her offense was a misdemeanor properly within the jurisdiction of a state court under OCGA § 15-7-4.

1. OCGA § 16-13-30 (j) outlines the general rule that possession of marijuana constitutes a felony. One limited exception to this general rule is found in OCGA § 16-13-2 (b) which specifically targets those defendants who are accused of possessing one ounce or less of marijuana. It provides: "[n]otwithstanding any law to the contrary, any person who is charged with possession of marijuana, which possession is of one ounce or less, and such person would have qualified for the conditional discharge provided for in this Code section but for the fact that the judge chose not to avail himself of the authority granted by this Code section or that the person violated the conditions imposed by the court, shall be guilty of a misdemeanor and punished by imprisonment for a period not to exceed 12 months or a fine not to exceed $1,000.00, or both, or public works not to exceed 12 months. *Subsequent offenses of possession of one ounce or less of marijuana shall be punished as a misdemeanor*." (Emphasis supplied.)[1]

While the State argues that this final line of OCGA § 16-13-2 (b)

[1] The preceding part of the statute, OCGA § 16-13-2 (a), provides the trial court with discretion in dealing with first-time drug offenders. Particularly, it outlines how the trial court may dismiss and discharge the proceedings against such an offender without entering a judgment of guilt.

dispositively provides for misdemeanor prosecution in this matter, we have held that just because a statute allows a crime to be punished as a misdemeanor, the offense itself is not transformed into a misdemeanor. In *Bass v. State*, 169 Ga. App. 520 (313 SE2d 776) (1984), a state court conviction for entering an automobile with intent to commit theft was reversed as the matter charged in the accusation was a felony for which the state court lacked jurisdiction under OCGA § 15-7-4. The statute that the defendant was accused of violating, OCGA § 16-8-18, provides that a person convicted of entering an automobile with intent to commit a theft "shall be punished by imprisonment for not less than one nor more than five years, or, in the discretion of the trial judge, as for a misdemeanor." On appeal it was held that although the "statute grants the trial judge discretion to impose misdemeanor punishment this provision does not reduce the *offense* to a misdemeanor. Accordingly, the [state court] did not have jurisdiction over the appellant under the accusation, and all proceedings held in the state court pursuant thereto are a nullity." (Citations and punctuation omitted.) *Bass*, supra.

Similarly, the language of OCGA § 16-13-2 (b) draws a distinction between a misdemeanor offense and misdemeanor punishment. The first part of the statute provides that under certain conditions first time offenders convicted of possession of small amounts of marijuana will be "guilty of a misdemeanor" whereas upon their subsequent conviction for possessing small amounts of marijuana they shall be "punished as a misdemeanor."

The fact that OCGA § 16-13-2 (b) provides for misdemeanor prosecution only in first offender cases is apparent in *Kent v. State*, 129 Ga. App. 71 (198 SE2d 712) (1973), wherein a state court conviction of misdemeanor marijuana possession was reversed partly because the accusation did not state that the defendant was a first offender. "In order . . . to charge an accused . . . with a misdemeanor, and thus confer jurisdiction in the state court, the indictment/accusation forming the basis for the charges, must *affirmatively show* that the accused . . . is a first offender." Id. In the present case, Williams' accusation did not affirmatively show that she was a first offender. Indeed, the undisputed evidence demonstrates that this was not her first drug offense.

Because Williams did not meet the conditions necessary for misdemeanor prosecution under OCGA § 16-13-2 (b), the statute with which she was charged, the state court lacked jurisdiction and, accordingly, Williams' conviction is reversed. See *Bass*, supra.

2. Williams' court-appointed attorney asserts that the trial court erred in failing to award him adequate compensation for his representation of Williams. However, Williams' counsel signed an affidavit as part of a fee request, averring that he was entitled to compensa-

tion for work performed on Williams' case at a rate of $50 an hour, the standard rate for attorneys performing indigent representation in Jeff Davis County. The trial court granted the amount of compensation Williams' counsel requested without ever ruling on his motion to establish a higher rate. "There being no ruling by the trial court on the [compensation] issues, there is nothing for this court to review." *Gen. Accident Ins. Co. v. Wells*, 179 Ga. App. 440 (1) (346 SE2d 886) (1986). Accordingly, this enumeration is without merit.

*Judgment affirmed in part and reversed in part. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED AUGUST 20, 1996 —
RECONSIDERATION DENIED SEPTEMBER 10, 1996 —

*William K. Blackstone, David L. Hammock*, for appellant.
*Kris Knox*, for appellee.