**UNITED STATES of America**

**v.**

**Antoine Terrell ASKEW.**

**Criminal No. 96–118–E.**

United States District Court,
M.D. Alabama,
Eastern Division.

June 4, 1997.

**1104**

Donald R. Jones, Jr., Balch & Bingham, Montgomery, AL, for Antoine Terrell Askew.

Artur G. Davis, U.S. Attorney's Office, Montgomery, AL, for U.S.

### *ORDER*

MYRON H. THOMPSON, Chief Judge.

Defendant Antoine Terrell Askew was convicted of violating 18 U.S.C.A. § 922(u), which makes it "unlawful for a person to steal or unlawfully take or carry away from the person or the premises of a person who is licensed to engage in the business of importing, manufacturing, or dealing in firearms, any firearm in the licensee's business inventory that has been shipped or transported in interstate or foreign commerce." Askew and others illegally entered a gun shop and stole several handguns from the premises. The court now has before it several objections Askew has filed to his presentence report.

### I.

In the presentence report, Askew's base offense level is set at 14 pursuant to the United States Sentencing Commission, Guidelines Manual § 2K2.1(a)(6) (Nov.1995) (U.S.S.G.). Subsection (a)(6) provides:

> "Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition; Prohibited Transactions Involving Firearms or Ammunition
>
> (a) Base Offense Level (Apply the Greatest):
>
> . . . . .
>
> (6) 14, if the defendant is a prohibited person."

A "prohibited person" includes "anyone who: ... is under indictment for, or has been convicted of, a 'crime punishable by imprisonment for more than one year,' as defined by 18 U.S.C. § 921(a)(20)." U.S.S.G. § 2K2.1, comment. (n.6). Because, at the time of his offense, Askew was under indictment for a crime punishable by imprisonment for more than one year, he is a prohibited person.

Askew also received a two-level enhancement pursuant to subsection (b)(4) of U.S.S.G. § 2K2.1, which provides that, "If any firearm was stolen, or had an altered or

obliterated serial number, increase by 2 levels."

## II.

Askew first challenges the presentence report's conclusion that he is a "prohibited person." As stated, application note 6 to U.S.S.G. § 2K2.1 provides that a "prohibited person" includes "anyone who: ... is under indictment for, or has been convicted of, a 'crime punishable by imprisonment for more than one year,' as defined by 18 U.S.C. § 921(a)(20)." Section 921(a)(20) provides, in relevant part, that, "The term 'crime punishable by imprisonment for a term exceeding one year' does not include—.... (B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less. What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held."

At the time Askew committed the present offense, he was under indictment in Georgia for theft by taking. Under Georgia law, theft by taking is a misdemeanor offense unless the value of the stolen property exceeds $500. Ga.Code Ann. § 16–8–12(a)(1). If the value of the property exceeds $500, then the offense is punishable by a term of imprisonment for not less than one year nor more than ten years. Ga.Code Ann. § 16–8–12(a)(1). Under Georgia law, a felony is an offense punishable by death, life imprisonment, or by imprisonment for more than 12 months. Ga.Code Ann. 16–1–3(5). Therefore, if the value of the stolen property exceeds $500, the offense of theft by taking is classified as a felony offense.

■ Askew pled guilty to one count of the two-count indictment; the trial court "sentenced" him to confinement for a period of two years but allowed him to serve the "sentence" on probation in accordance with Georgia's First Offender Act.[1] Ga.Code. Ann. § 42–8–60(a)(2). Although the government has not produced evidence of the value of

the property that Askew stole, this court recognizes that under Georgia law, "it is the punishment that may be imposed which characterizes" an offense as a misdemeanor or felony. *Ramsey v. Powell*, 244 Ga. 745, 262 S.E.2d 61, 62 (1979).

■ The maximum period of confinement that may be imposed for a misdemeanor offense is one year. Ga.Code Ann. § 17–10–3 to –4. "'The total period of probation and confinement (if any) may not exceed the maximum time period provided as punishment for the crime.'" *Tenney v. State*, 194 Ga. App. 820, 392 S.E.2d 294, 296 (1990) (quoting Ga.Crim. Trial Prac. (1989 ed.) 21, 26–28, p. 697). Thus, because the trial court could have imposed a term of imprisonment in excess of one year and did impose a period of confinement to be served on probation in excess of one year, the indictment against Askew must be classified as one for a felony offense. *Ramsey*, 262 S.E.2d at 62; *see also* Ga.Code Ann. § 42–8–60(a)(2) (allowing court to sentence defendant seeking First Offender treatment "to a term of confinement as provided by law").

■ Therefore, because the Georgia indictment against Askew does not fall within the exception of 18 U.S.C.A. § 921(a)(20)—which provides that, "The term 'crime punishable by imprisonment for a term exceeding one year' does not include—... (B) any State offense *classified by the laws of the State as a misdemeanor* and punishable by a term of imprisonment of two years or less," (emphasis added)—this court holds that, at the time of the current offense, Askew was a prohibited person as identified in application note 6 of U.S.S.G. § 2K2.1.

## III.

■ Askew contends next that, under application note 12 to U.S.S.G. § 2K2.1, he should not receive the two-level enhancement. His reliance on note 12 is misplaced. The note provides, in relevant part, that, "If the only offense to which § 2K2.1 applies is

---

1. Because the trial court entered no judgment of guilt against Askew and deferred further proceedings, his "preadjudication punishment is not a sentence because there was no judgment,"

rather the trial court "merely imposed" a term of confinement. *Tallant v. State*, 187 Ga.App. 138, 369 S.E.2d 789, 790 n. 1 (1988).

18 U.S.C. § 922(i), (j), or (u), 18 U.S.C. § 924(j) or (k), or 26 U.S.C. § 5861(g) or (h) (offenses involving a stolen firearm or stolen ammunition) and the base offense level is determined under *subsection (a)(7)* [of U.S.S.G. § 2K2.1], do not apply the adjustment in subsection (b)(4) unless the offense involved a firearm with an altered or obliterated serial number. This is because the base offense level takes into account that the firearm or ammunition was stolen." U.S.S.G. § 2K2.1, comment. (n.12) (emphasis added). Subsection (a)(7) provides for a base offense level of 12 in all circumstances not otherwise addressed by other provisions in subsection (a) or excepted by provisions in subsections (b) and (c) of U.S.S.G. § 2K2.1.[2] Because, as the court has held, Askew is a prohibited person and thus falls within the coverage of subsection (a)(6) rather than subsection (a)(7), application note 12 does not apply to him.

### IV.

Askew contends that subsection (b)(4) of U.S.S.G. § 2K2.1 still does not apply to him because the term "stolen" in the subsection refers not to the manner in which a firearm is acquired in committing an offense (for example, that the defendant stole the firearm) but rather solely to the preexisting condition of the firearm in the crime (for example, that the defendant illegally possessed a firearm that was stolen). Askew maintains that, because the firearms he stole were not already stolen, subsection (b)(4) does not apply to him. Askew relies on the decision of the Tenth Circuit Court of Appeals in *United States v. Rowlett,* 23 F.3d 300 (10th Cir.1994). There, the appellate court held that a district court erred in applying a two-level increase under subsection (b)(4) because it improperly interpreted the term "stolen" to mean "the weapon's condition after the consummation of the instant offense which transformed the weapon into being a stolen firearm." 23 F.3d at 304. The court stated that, "The relevant context and the Guidelines Commentary ... leave no doubt that the Guideline term 'stolen' refers to the preexisting condition of the relevant firearms ... involved in a crime, not the manner in which they are acquired in committing the offense." *Id.* at 304–05. The court emphasized the provision in the following manner: " 'If any firearm *was* stolen, *or had* an altered or obliterated serial number, increase by 2 levels.' (Emphasis added.)" *Id.* at 304. The court reasoned that the text of subsection (b)(4) "is concerned not with the way in which firearms and ammunition are acquired by a particular defendant, but rather with their condition when acquired, by whatever means." *Id.* The Tenth Circuit then bolstered its interpretation of "stolen" by looking to application note 12 to U.S.S.G. § 2K2.1.

Askew's reliance on *Rowlett* is misplaced. At the time *Rowlett* was issued, application note 12 read that, "If the defendant is convicted under 18 U.S.C. § 922(i), (j), or (k), or 26 U.S.C. § 5861(g) or (h) (offenses involving stolen firearms or ammunition), and is convicted of no other offense subject to guideline, do not apply the adjustment in subsec-

---

**2.** Subsection (c) provides in full as follows:

"2K2.1. Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition; Prohibited Transactions Involving Firearms or Ammunition

(a) Base Offense Level (Apply the Greatest):

(1) 26, if the offense involved a firearm described in 26 U.S.C. § 5845(a) or 18 U.S.C. § 921(a)(30), and the defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense; or

(2) 24, if the defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense; or

(3) 22, if the offense involved a firearm described in 26 U.S.C. § 5845(a) or 18 U.S.C. § 921(a)(30), and the defendant had one prior conviction of either a crime of violence or controlled substance offense; or

(4) 20, if the defendant—

(A) had one prior felony conviction of either a crime of violence or a controlled substance offense; or

(B) is a prohibited person, and the offense involved a firearm described in 26 U.S.C. § 5845(a) or 18 U.S.C. § 921(a)(30); or

(5) 18, if the offense involved a firearm described in 26 U.S.C. § 5845(a) or 18 U.S.C. § 921(a)(30); or

(6) 14, if the defendant is a prohibited person; or

(7) 12, except as provided below; or (8) 6, if the defendant is convicted under 18 U.S.C. § 922(c), (e), (f), (m), (s), (t), or (x)(1)."

tion (b)(4) because the base offense level itself *takes such conduct into account.*" Relying expressly on this language, the court apparently reasoned that, because all the underlying offenses listed in the note—that is, 18 U.S.C.A. § 922(i)-(k) and 26 U.S.C.A. § 5861(g)-(h)—are based on statutes in which the term "stolen" referred to the preexisting condition of the firearm, then the term "stolen" in application note 12, and in turn in subsection (b)(4), must be similarly limited in definition.[3]

Askew overlooks, however, that application note 12 has been amended since entry of the *Rowlett* decision. The note was expanded in 1995 to include new underlying offenses and, as stated, now provides that, "If the only offense to which § 2K2.1 applies is 18 U.S.C. § 922(i), (j), or (u), 18 U.S.C. § 924(j) or (k), or 26 U.S.C. § 5861(g) or (h) (offenses involving a stolen firearm or stolen ammunition) and the base offense level is determined under subsection (a)(7), do not apply the adjustment in subsection (b)(4) unless the offense involved a firearm with an altered or obliterated serial number."[4] The note, therefore, now includes not only offenses based on statutes in which the term "stolen" refers to the preexisting condition of the firearm but also a statute in which the term refers to the manner in which a firearm is acquired in

committing an offense—in particular, 18 U.S.C.A. § 922(u), which makes it "unlawful for a person to steal or unlawfully take or carry away from the person or the premises of a person who is licensed to engage in the business of importing, manufacturing, or dealing in firearms, any firearm in the licensee's business inventory that has been shipped or transported in interstate or foreign commerce."

■ The subsection (u) offense was added to § 922 in 1993.[5] Application note 12 was amended, in turn, in November 1995 to "clarify" that this new offense fell within its coverage. U.S.S.G.App. C, amend. 522. The *Rowlett* court was misguided because its opinion was handed down between the creation of the new § 922(u) offense (of which it was apparently unaware) and the clarification of note 12 (which it failed to predict because it overlooked the new subsection (u)). If anything, therefore, because application note 12, as it now reads, refers to underlying offenses based on statutes in which the term "stolen" refers to the preexisting condition of the firearm and in which the term refers to the manner in which a firearm is acquired in committing an offense, the note leads to the inescapable conclusion that the term "stolen," as used in both the note and subsection (b)(4), includes not only the preexisting con-

**3.** Section 922(i)-(k), at the time of the *Rowlett* decision, provided:

> "(i) It shall be unlawful for any person to transport or ship in interstate or foreign commerce, any stolen firearm or stolen ammunition, knowing or having reasonable cause to believe that the firearm or ammunition was stolen.
>
> "(j) It shall be unlawful for any person to receive, conceal, store, barter, sell, or dispose of any stolen firearm or stolen ammunition, or pledge or accept as security for a loan any stolen firearm or stolen ammunition, which is moving as, which is a part of, which constitutes, or which has been shipped or transported in, interstate or foreign commerce, knowing or having reasonable cause to believe that the firearm or ammunition was stolen.
>
> "(k) It shall be unlawful for any person knowingly to transport, ship, or receive, in interstate or foreign commerce, any firearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered or to possess or receive any firearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered and has, at

any time, been shipped or transported in interstate or foreign commerce."

Section 5861(g)-(h) provides:
> "It shall be unlawful for any person—
>
> .    .    .    .    .
>
> (g) to obliterate, remove, change, or alter the serial number or other identification of a firearm required by this chapter; or
>
> (h) to receive or possess a firearm having the serial number or other identification required by this chapter obliterated, removed, changed, or altered."

**4.** Note 12, as amended, also provides:

> "Similarly, if the only offense to which § 2K2.1 applies is 18 U.S.C. § 922(k) (offenses involving an altered or obliterated serial number) and the base offense level is determined under subsection (a)(7), do not apply the adjustment in subsection (b)(4) unless the offense involved a stolen firearm or stolen ammunition. This is because the base offense level takes into account that the firearm had an altered or obliterated serial number."

**5.** Pub.L. 103–159, § 302(c).

dition of the firearm but also the manner in which it is acquired in committing an offense.

### V.

■ Askew further contends that application note 12's failure to exclude both subsections (a)(6) and (a)(7) from subsection (b)(4)'s two-level increase is illogical. As shown, application note 12 to U.S.S.G. § 2K2.1 was amended not only to add a new offense under 18 U.S.C.A. § 922(u) but also to restrict its application to subsection (a)(7) of § 2K2.1. The Sentencing Commission apparently concluded that, because, in order to qualify for a base offense level of 12 under subsection (a)(7), the gun theft must be unadorned, it would be improper—that is, "double counting"—to increase the base offense level another two levels for the same conduct pursuant to subsection (b)(4). The Commission then must have further reasoned that it would not be improper for a prohibited person convicted of gun theft to receive not only a two-level increase for being a prohibited person (from 12 to 14) but an added two levels for the combination of both circumstances, that is, of having stolen the firearm and being a prohibited person at the time. In other words, such a person is punished, first, for gun theft, then for being a prohibited person, and finally for *both* having stolen a firearm and being a prohibited person. The presence of both factors requires even more punishment; the whole is greater than its parts. Although this court might disagree with the Commission's reasoning, the court cannot say that the Commission's approach is illogical. In any event, "Congress did not intend to subject the actions of the Commission to judicial review." *United States v. Wimbush*, 103 F.3d 968, 970 (11th Cir.1997) ( per curiam).

■ Finally, in a related argument, Askew maintains that to apply both subsections (a)(6) and (b)(4) would constitute impermissible "double counting." However, the Eleventh Circuit Court of Appeals has made clear that "double counting a factor under different guidelines is permitted if the Commission intended that result and if each section concerns conceptually separate notions relating to sentencing.'" *Wimbush*, 103 F.3d at 970

(quoting *United States v. Aimufua*, 935 F.2d 1199, 1201 (11th Cir.1991)). *As stated*, under subsections (a)(6) and (b)(4), Askew is punished, first, for gun theft, then for being a prohibited person, and finally for *both* having stolen a firearm and being a prohibited person. Each subsection, therefore, "concerns conceptually separate notions relating to sentencing." *Id.*

Accordingly, it is ORDERED the above objections filed by defendant Antoine Terrell Askew to his presentence report are overruled.