## A97A0431. WASHINGTON v. THE STATE.
### (487 SE2d 663)

BEASLEY, Judge.

Washington pled guilty to possession of less than one ounce of marijuana. OCGA § 16-13-30 (j) (1). He filed a motion to withdraw his guilty plea and appealed from the denial of that motion. The appeal was dismissed as untimely, and the trial court subsequently granted his motion for an out-of-time appeal.

1. Washington contends his conviction is a nullity because the State Court of Clayton County did not have jurisdiction to try him on the charge of possession of marijuana. See *Bass v. State*, 169 Ga. App. 520 (313 SE2d 776) (1984).

This issue was decided in *Kent v. State*, 129 Ga. App. 71 (198 SE2d 712) (1973), and *Williams v. State*, 222 Ga. App. 698 (1) (475 SE2d 667) (1996). The conviction must be reversed. The State urges the court to overrule *Kent* and *Williams*, but they present the correct analysis. As stated in *Williams*, supra at 698 (1), "OCGA § 16-13-30 (j) outlines the general rule that possession of marijuana constitutes a felony. One limited exception to this general rule is found in OCGA § 16-13-2 (b). . . ." That exception makes a defendant who could be eligible for first offender treatment under OCGA § 16-13-2 (a) "guilty

of a misdemeanor" and subject to punishment accordingly. Any subsequent conviction for possession of less than one ounce of marijuana merely "shall be punished as a misdemeanor" but remains a felony. (Emphasis and footnote omitted.) *Williams*, supra at 698 (1). The statute does not change the classification from felony to misdemeanor for subsequent offenses, as it does for the first offense. OCGA §§ 16-13-30 (j) and 16-13-2 (b) must be read in tandem.

Washington had previously been convicted of possession of marijuana and cocaine, and the court was made aware of that at sentencing. He was thus not a "person who has not previously been convicted of any [drug] offense" under OCGA § 16-13-2 (a), and therefore did not come within the exception of OCGA § 16-13-2 (b). The accusation did not, and could not, affirmatively show he was a first offender. See *Williams*, supra at 699. As made clear in *Kent*, in order "to charge an accused . . . with a misdemeanor, and thus confer jurisdiction in the state court, the indictment/accusation forming the basis for the [charge], must *affirmatively show* that the accused is charged with the possession of one ounce or less of marijuana . . . and that the accused is a first offender." (Emphasis in original.) *Kent*, supra at 71. Possession of one ounce or less of marijuana was a felony, and the state court did not have jurisdiction. Ga. Const. of 1983, Art. VI, Sec. IV, Par. I; OCGA § 15-7-4 (1); *Williams*, supra; *Bass*, supra.

Although the State contends that the true intent of the General Assembly is that possession of one ounce or less of marijuana is always a misdemeanor regardless of the defendant's criminal history, we cannot ignore the plain language of OCGA § 16-13-30 (j) (2), specifying it as a felony unless the exception of OCGA § 16-13-2 applies. If the intent of the General Assembly is otherwise, it must be clearly articulated.

2. Washington's other enumeration of error is moot.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

DECIDED JUNE 12, 1997.

Before Judge Carbo.

*Colette B. Resnik*, for appellant.

*Keith C. Martin, Solicitor, Clara E. Bucci, Assistant Solicitor*, for appellee.