A97A2084. HICKS v. THE STATE.
(494 SE2d 342)

ELDRIDGE, Judge.

Appellant, Shawn Dewayne Hicks, was indicted in the Superior Court of Glynn County for possession of less than one ounce of marijuana; Hicks had a prior conviction for the same offense. He was tried by a jury and found guilty as charged. The trial court fined appellant $750 and sentenced him to twelve months imprisonment, to serve six months, with the balance probated. Hicks appeals, claiming the trial court erred in denying his plea in bar, filed and argued prior to trial, and his motion for directed verdict, made at the close of the State's evidence, wherein appellant asserted the same grounds: that possession of marijuana, less than one ounce, is a misdemeanor crime, and he was being improperly prosecuted in the superior court for a *felony* offense pursuant to this Court's holding in *Williams v. State*, 222 Ga. App. 698 (475 SE2d 667) (1996). We affirm appellant's conviction and in so doing, clarify the holding of *Williams* in relation to appellant's (a) prosecution, and (b) conviction.

1. (a) *Williams* arose from a prosecution in a state court for possession of marijuana, less than one ounce; the defendant, like appellant in the case sub judice, had a prior conviction for that offense. In *Williams*, the defendant claimed that a prosecution for possession of marijuana, less than one ounce, is a *felony* prosecution when the defendant has a prior conviction therefor; that only the punishment is "as a misdemeanor." OCGA § 16-13-2 (b). Thus, the defendant argued, the state court in which she was prosecuted did not have subject matter jurisdiction over the felony offense, and her conviction could not stand. This Court, in interpreting the statute as it read at that time, agreed with the defendant and reversed her state court conviction on jurisdictional grounds only.[1] *Williams*, supra at 699.

---

[1] Cf. *United States v. Moreland*, 258 U. S. 433 (42 SC 368, 66 LE 700) (1922), which

Obviously, then, our decision in *Williams* addressed a purely subject matter *jurisdictional* issue.

In the instant case, appellant was tried in the Superior Court of Glynn County, which court has concurrent jurisdiction over felony and misdemeanor offenses. Ga. Const. of 1983, Art. VI, Sec. IV, Par. I; *Clifton v. State*, 53 Ga. 241 (1874); *Bell v. State*, 41 Ga. 589 (1871); *Royster v. State*, supra. As such, subject matter jurisdiction was proper in that court, regardless of whether appellant was prosecuted for a misdemeanor or felony offense, and the jurisdictional significance of our holding in *Williams* is without precedential value with regard to the prosecution of the case sub judice, because it is distinguishable on the law.

Likewise, the General Assembly's 1997 amendment to OCGA § 16-13-2 (b) involved subject matter jurisdictional issues.[2] Act 423 simply restored jurisdiction over cases involving possession of marijuana, less than one ounce, to the state courts, in light of our decision in *Williams*. As such, the enactment of Act 423 does not impact on appellant's prosecution in superior court, since such court has subject matter jurisdiction to try misdemeanor or felony offenses. *Royster*, supra. Thus, appellant's prosecution in the Superior Court of Glynn County for possession of marijuana, less than one ounce, was proper.

(b) Under this same claim of error, appellant maintains that although he was subject to misdemeanor punishment, the trial court's denial of his plea in bar and motion for directed verdict subjected appellant "to felony ramifications regarding his civil rights because he is presently considered a convicted felon for this offense" pursuant to *Williams*. We disagree; under the facts of this case, appellant's conviction was not for a felony offense.

"In all interpretations of statutes, the courts shall look diligently for the intention of the General Assembly, keeping in view at all times the old law, the evil, and the remedy." OCGA § 1-3-1 (a); see

---

holds that it is the punishment that may be imposed that characterizes a crime as either a misdemeanor or felony. Accord *Ramsey v. Powell*, 244 Ga. 745, 746 (262 SE2d 61) (1979); *Lewis v. State*, 243 Ga. 443, 445 (254 SE2d 830) (1979). The *maximum punishment* that may be imposed for those acts that are designated a crime under our Code is what distinguishes a felony crime from a misdemeanor crime. *Royster v. State*, 226 Ga. App. 737 (487 SE2d 491) (1997); *State v. Temple*, 189 Ga. App. 284, 285-286 (375 SE2d 300) (1988). Inquiry: if, under the provisions of OCGA § 16-13-2 (b), as it existed both prior to and after the enactment of House Bill 347, the *maximum* punishment that may be imposed upon conviction for possession of marijuana, less than one ounce, is twelve months or less, how may such offense be characterized as a "felony"?

[2] House Bill 347, Act 423, unanimously passed the Georgia House of Representatives and the Georgia Senate, the caption of which Act specifically stated that the purpose of the bill was, inter alia, "to provide for state court jurisdiction over possession of one ounce or less of marijuana." Ga. L. 1997, p. — , § — . The Act became effective upon approval by Governor Zell Miller on April 29, 1997.

also *Choate v. State*, 158 Ga. App. 8, 10 (279 SE2d 459) (1981) (Carley, J., concurring specially). "[I]t is equally axiomatic that subsequent legislation declaring the intent of a legislative body in enacting an earlier statute is entitled to great weight in statutory construction. *Red Lion Broadcasting Co. v. F. C. C.*, 395 U. S. 367, 380-381 (89 SC 1794, 23 LE2d 371) (1969)." *Jackson v. Delk*, 257 Ga. 541, 543 (3) (361 SE2d 370) (1987).

In Act 423, the Legislature specifically expressed its intent, both past and future, with regard to OCGA § 16-13-2 (b): "[I]t is the intent of the·General Assembly to *restore* the law of this state to that which was generally understood to be the law prior to the decision of the Court of Appeals in *Williams v. State*, [supra], decided August 20, 1996, such that possession of one ounce or less of marijuana is a misdemeanor." (Emphasis supplied.) The term "restore" means to bring back into existence; bring back to an original condition. See The American Heritage Dictionary, 3rd ed., p. 1538. Obviously, the General Assembly's use of the term *"restore,"* as opposed to, e.g., "change" or "enact," was deliberate and capable of but one reasonable interpretation. From the clear expression of legislative intent, as plainly stated in Act 423, the inescapable conclusion is that possession of marijuana, less than one ounce, was a misdemeanor offense *prior* to our decision in *Williams* and was "restored" to misdemeanor status after *Williams* by the enactment of Act 423.

The law as it exists at the time of the offense determines both the penalty that may be imposed and the conduct that is considered to be a crime.[3] *Barrett v. State*, 183 Ga. App. 729, 732-733 (360 SE2d 400) (1987), overruled on other grounds, *Gonzalez v. Abbott*, 262 Ga. 671 (425 SE2d 272) (1993); *State v. Williams*, 172 Ga. App. 708, 709 (324 SE2d 557) (1984). In the case sub judice, appellant committed the offense of possession of marijuana, less than one ounce, *prior* to our decision in *Williams*. Since, prior to *Williams*, such offense was a misdemeanor offense, which status was "restored" by the enactment of Act 423, appellant's conviction is for a misdemeanor offense. Accordingly, the trial court's denial of appellant's plea in bar and motion for directed verdict, if error at all, was harmless. "Both error and harm must be shown affirmatively by the record to authorize a reversal on appeal." *Robinson v. State*, 212 Ga. App. 613, 616 (2) (442 SE2d 901) (1994).[4]

---

[3] The incident which gave rise to appellant's arrest and conviction occurred on May 3, 1996. Our decision in *Williams*, classifying a second conviction for possession of marijuana, less than one ounce, as a felony offense with misdemeanor consequences, was handed down on August 20, 1996. Act 423 went into effect April 29, 1997. Appellant was tried on May 13, 1997.

[4] It is unnecessary for a determination of the issues raised herein to address the felony or misdemeanant status of a defendant whose second conviction for possession of marijuana,

2. Herein, appellant also challenges the sufficiency of the evidence supporting his conviction, contending that the marijuana could have belonged to the driver of the vehicle in which he was a passenger.

In the instant case the arresting officer, while on bicycle patrol, smelled the odor of marijuana as he rode by the car in which appellant was sitting; appellant was smoking what appeared to be a marijuana cigarette; when the officer made his presence known, appellant rolled up the passenger window which had been lowered several inches, locked the passenger's door and the driver's door, and proceeded to eat a quantity of green leafy material that he retrieved from the floorboard of the car; appellant exited the car when he had concluded his meal. A chemical analysis conducted on a small amount of leafy material recovered from the vehicle tested positive for marijuana. We find the evidence sufficient for a rational trier of fact to have determined that appellant was in possession of marijuana, less than one ounce. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. The trial court properly permitted Officer Mike Owen to testify as to the chemical tests he performed upon the suspected marijuana sample and the results thereof. Officer Owen had been trained to perform such tests by the Georgia Bureau of Investigation, Division of Forensic Sciences, and was certified by the GBI to perform such tests. The officer had testified in court more than a hundred times regarding the results of chemical tests he had conducted on suspected marijuana. Officer Owen had never misidentified a sample, and in the instant case, he conducted three tests on the suspected marijuana: the Duquenois-Levine test, the KN Reagent-9 test, and a microscopic test. There was no error. *Smith v. State*, 210 Ga. App. 451, 452 (436 SE2d 562) (1993).

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 11, 1997 —
RECONSIDERATION DENIED AUGUST 25, 1997.

*James J. Lacy*, for appellant.
*Stephen D. Kelley, District Attorney, Charles K. Higgins, Assistant District Attorney*, for appellee.

---

less than one ounce, arises from an incident occurring between the date of our decision in *Williams* and the effective date of Act 423.