### A98A1265. CALBREATH v. THE STATE.
(510 SE2d 145)

BLACKBURN, Judge.
    On May 1, 1997, Calbreath pled guilty to possession of marijuana, less than an ounce. This was Calbreath's second conviction for such offense. Accordingly, as per our decision in *Williams v. State*, 222 Ga. App. 698 (1) (475 SE2d 667) (1996), the superior court entered a felony conviction, but sentenced Calbreath "as for a misdemeanor." Calbreath then learned that on April 29, 1997, the governor had signed legislation amending OCGA § 16-13-2 to make possession of marijuana, less than an ounce, a misdemeanor in all cases. Calbreath filed a motion to withdraw his guilty plea, because the trial court improperly entered a conviction for a felony offense pursuant to *Williams v. State*, supra. The trial court denied the motion because the offense occurred on October 22, 1996, and thus *Williams v. State* would control. Calbreath appeals from the order entered thereon. *Held*:
    The panel which decided *Williams* determined that it was rightly decided. Thereafter, it was cited as authority by other panels; such cases even specifically declined to overrule the analysis contained therein. See *Washington v. State*, 226 Ga. App. 807 (487 SE2d 663) (1997). However, this Court has now decided a new direction must be taken. A change of opinion is often the progress of sound thought and growing knowledge. This Court is not loath to reevaluate, review, and, when applicable, change an opinion. The law deserves the respect that comes with the recognition that, upon deliberate review, an opinion is subject to correction. That respect is the bedrock of this Court. With this understanding, we will review our prior decision in *Williams v. State*, supra.
    1. Whether an offense is a "felony offense" or a "misdemeanor offense" is determined by the maximum punishment that can be imposed for the offense. "It is what sentence *can be* imposed under the law, not what *was* imposed, that is the material consideration." (Emphasis supplied.) *United States v. Moreland*, 258 U. S. 433, 441 (42 SC 368, 66 LE 700) (1922). It is "the punishment that *may be*

imposed that characterizes the crime." (Emphasis supplied.) *Ramsey v. Powell*, 244 Ga. 745, 746 (262 SE2d 61) (1979).[1]

In Georgia, a felony crime is defined as any crime "*punishable* by death, by imprisonment for life, or by imprisonment for more than 12 months," while a misdemeanor crime is defined as "any crime other than a felony," i.e., *punishable* in a manner less than a felony crime (12 months or less). (Emphasis supplied.) OCGA § 16-1-3 (5), (9).

(a) Our decision in *Williams* relied chiefly upon this Court's 1973 decision in *Kent v. State*, 129 Ga. App. 71 (198 SE2d 712) (1973), for the proposition that a felony conviction is appropriate for a second offense of possession of marijuana, less than an ounce.

In 1973, when *Kent* was decided, possession of marijuana was a misdemeanor only if it was: (1) less than an ounce, *and* (2) a first offense. At that time, the last line of the statute read, "Subsequent offenses shall be punished as provided by law." See Ga. L. 1971, p. 271; Ga. L. 1973, p. 688.[2] In 1973, the only other punishment "provided by law" was for punishment as a felony offense. Because the accusation in *Kent* did not specify that the marijuana possession was a "first offense," the crime was a felony and jurisdiction was in superior court. Accordingly, Kent's state court conviction was properly reversed.

However, in the session after *Kent* was decided, the General Assembly specifically amended the last line of the statute to read, "Subsequent offenses . . . shall be punishable as a misdemeanor." Ga. L. 1974, p. 267, § 3, Code § 79A-9917; see also Ga. L. 1974, p. 244, § 1, Code § 79A-811 (j). The *maximum* punishment permitted by law for a second offense of possession of marijuana, less than an ounce, was then misdemeanor punishment. Thus, a second offense became a misdemeanor. "Possession of marijuana is a felony under Code § 79A-811 (j) except, as provided under Code § 79A-9917 [now OCGA § 16-13-2 (b)], where the possession is one ounce or less, in which case the *crime* is a misdemeanor." (Emphasis supplied.) *Coffey v. State*, 141 Ga. App. 254 (233 SE2d 243) (1977).

(b) Our decision in *Williams* also relied upon *Bass v. State*, 169 Ga. App. 520 (313 SE2d 776) (1984), to hold that a defendant could be "guilty of a felony [offense]," even if he could *only* be "punished . . . as for a misdemeanor."

The decision in *Bass* involved the offense of "entering auto," which is a felony offense because it carries a maximum punishment of five years imprisonment. OCGA § 16-8-18. At the judge's discretion, entering auto may be "punished as for a misdemeanor." But

---

[1] See also *Royster v. State*, 226 Ga. App. 737 (487 SE2d 491) (1997); *State v. Temple*, 189 Ga. App. 284, 285 (375 SE2d 300) (1988).

[2] Code § 79A-9917, now OCGA § 16-13-2 (b).

such is at the judge's *discretion at sentencing*. At the time entering auto is indicted, the defendant is facing up to five years on a felony offense, and jurisdiction is in the superior court. After conviction for the felony offense, the judge's decision to exercise his discretion and "punish as for a misdemeanor" does not alter the fact that the maximum punishment that can be imposed is felony punishment. Accord *Fowler v. State*, 229 Ga. 884 (194 SE2d 923) (1972) (judge's discretion to reduce felony sentence to misdemeanor sentence does not reduce offense, itself, to misdemeanor).

In *Williams*, however, the imposition of a misdemeanor sentence was not at the judge's discretion, but was the only sentence permitted by law. The fact that OCGA § 16-13-2 (b) uses the terms *"guilty* of a misdemeanor" and *"punished* [as a misdemeanor]" is an irrelevant distinction in evaluating whether the offense is actually a "felony offense" or a "misdemeanor offense" when, as in *Williams* (and unlike in *Bass*), a misdemeanor sentence is the *only* punishment that can be imposed and, thus, defines the offense as a misdemeanor as a matter of law.

2. Upon considered and deliberate review, we conclude that Calbreath's second conviction for possession of marijuana, less than an ounce, was a conviction for a misdemeanor offense. Accordingly, we will overrule *Williams*.[3] The trial court erred in entering judgment on a felony conviction. The instant felony judgment and, perforce, the sentence entered thereon are vacated. The case is remanded. Judgment and consequent sentence should be re-entered reflecting conviction of a misdemeanor offense. All parties are reminded that a defendant may withdraw a guilty plea as a matter of right before sentence is pronounced. *Thompson v. State*, 218 Ga. App. 444, 445 (462 SE2d 404) (1995).

*Judgment vacated and case remanded with direction. Andrews, C. J., McMurray, P. J., Pope, P. J., Johnson, P. J., Beasley, Smith, Ruffin, Eldridge, JJ., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED DECEMBER 4, 1998.

*Brian Steel*, for appellant.
*Daniel J. Porter, District Attorney, James M. Miskell, Assistant District Attorney*, for appellee.

---

[3] The following cases are also overruled to the extent that they relied upon the *Williams* analysis: *Washington v. State*, supra; *Banks v. State*, 229 Ga. App. 414 (493 SE2d 923) (1997).