A99A1708. TAYLOR v. THE STATE.
(526 SE2d 910)

PHIPPS, Judge.

As part of a negotiated plea, Michael J. Taylor pled guilty to the May 18, 1998 armed robbery of a pizza restaurant. Taylor appeals the trial court's ruling that it lacked discretion to sentence Taylor under OCGA § 17-10-1 (b), which would allow the parole board to consider him for parole prior to the completion of his ten-year sentence. Because we find that the mandatory minimum sentence requirements applicable to serious violent felonies (as set forth in OCGA § 17-10-6.1) are not altered by or in conflict with OCGA § 17-10-1 (b), we affirm.

Prior to sentencing, Taylor's counsel filed a sentencing memorandum, requesting that the trial judge sentence Taylor under OCGA § 17-10-1 (b) and authorize the State Board of Pardons & Paroles to consider parole for Taylor prior to the completion of any minimum sentencing requirement otherwise imposed by law. The judge accepted the negotiated plea but ruled that she had no discretion to impose a sentence under OCGA § 17-10-1 (b) because of the mandatory minimum sentence requirements set forth in OCGA § 17-10-6.1.

Pursuant to OCGA § 17-10-1 (b),

[t]he judge, in fixing the sentence as prescribed in subsection (a) of this Code section, may make a determination as to whether the person being sentenced should be considered

for parole prior to the completion of any requirement otherwise imposed by law relating to the completion of service of any specified time period before parole eligibility. In the event that the judge so determines, he may specify in the sentence that the person is sentenced under this subsection and may provide that the State Board of Pardons and Paroles, acting in its sole discretion, may consider and may parole any person so sentenced at any time prior to the completion of any minimum requirement otherwise imposed by law, rule, or regulation for the service of sentences or portions thereof. The determination allowed in this subsection shall be applicable to first offenders only.

Subsection (a) provides that the discretion afforded the judge to suspend or probate all or any part of the sentence shall be subject to the provisions of OCGA § 17-10-6.1.

OCGA § 17-10-6.1 (b) provides:

[n]otwithstanding any other provisions of law to the contrary, any person convicted of a serious violent felony[, including armed robbery, as defined by OCGA § 16-8-41,] shall be sentenced to a mandatory minimum term of imprisonment of ten years and no portion of the mandatory minimum sentence imposed shall be suspended, stayed, probated, deferred, or withheld by the sentencing court and shall not be reduced by any form of pardon, parole, or commutation of sentence by the State Board of Pardons and Paroles. No person convicted of a serious violent felony . . . shall be sentenced as a first offender pursuant to Article 3 of Chapter 8 of Title 42, relating to probation for first offenders, or any other provision of Georgia law relating to the sentencing of first offenders.

Taylor contends that OCGA §§ 17-10-1 (b) and 17-10-6.1 conflict. He argues that OCGA § 17-10-1 should prevail because it was amended after OCGA § 17-10-6.1 was enacted and after OCGA § 17-10-6.1 was amended during the 1998 legislative session. According to Taylor, the legislature acted with full knowledge of existing law and could have amended OCGA § 17-10-1 (b) if it had intended to reduce or limit the authority granted the trial court by that provision.

We find that OCGA § 17-10-1 (b) does not conflict with OCGA § 17-10-6.1. OCGA § 17-10-1 (b) allows the judge some discretion in fixing the sentence *as prescribed in subsection (a) of this Code section.* Subsection (a) expressly subjects the discretion afforded the sentencing court to the provisions of OCGA § 17-10-6.1, which precludes any

reduction of the mandatory minimum sentence for any person convicted of a serious violent felony. Thus, the trial court has no discretion to alter or to allow the parole board to alter the mandatory minimum sentence of ten years for any serious violent felony, including armed robbery.

Even if we accepted Taylor's argument that the statutes are in conflict and the most recently amended statute prevails, the result would not change. OCGA § 17-10-6.1 was last amended effective March 27, 1998.[1] OCGA § 17-10-1 was last amended effective July 1, 1998.[2] The law as it exists at the time of the offense determines the penalty that may be imposed.[3] As of the date of the offense (May 18, 1998), the 1998 amendment to OCGA § 17-10-1 was not yet effective. Thus, for purposes of setting Taylor's sentence, the statute most recently amended was OCGA § 17-10-6.1.

*Judgment affirmed. Johnson, C. J., and McMurray, P. J., concur.*

DECIDED DECEMBER 14, 1999 —

*Jackson & Schiavone, George T. Jackson*, for appellant.
*Spencer Lawton, Jr., District Attorney, Ronald M. Adams, Assistant District Attorney*, for appellee.

[1] Ga. L. 1998, p. 180, § 2.
[2] Ga. L. 1998, p. 842, § 6.
[3] *Hicks v. State*, 228 Ga. App. 235, 237 (1) (b) (494 SE2d 342) (1997).