A01A0692. ROLADER v. THE STATE.
(547 SE2d 778)

RUFFIN, Judge.

Johnny Chuck Rolader pled guilty to aggravated child molestation. The trial court sentenced Rolader to fifteen years, requiring him to serve ten years and probating the balance. Rolader appeals, asserting that the trial court erred in ruling that it lacked discretion to sentence him under OCGA § 17-10-1 (b), which would have made him eligible for parole prior to the completion of his sentenced incar-

---

[1] See *Hardeman v. State*, 272 Ga. 361, 362 (529 SE2d 368) (2000).
[2] Id.
[3] 273 Ga. 563 (544 SE2d 439) (2001).

ceration. We disagree and therefore affirm.

OCGA § 17-10-1 (b) permits the sentencing judge to determine whether the person being sentenced can be considered for parole prior to completion of the prison sentence. However, OCGA § 17-10-6.1, which defines aggravated child molestation as a " 'serious violent felony,' "[1] prohibits the reduction of the mandatory minimum prison sentence for serious violent felonies by any form of pardon or parole.[2] Because Rolader was convicted of a serious violent felony, the trial court had no discretion to sentence him under OCGA § 17-10-1 (b).[3]

Rolader also asserts that the trial court erred in applying OCGA § 17-10-6.1 because that section conflicts with OCGA § 17-10-1 (b). In *Taylor v. State*,[4] we concluded that these two Code sections are not conflicting, and for the reasons expressed in that case, we reject Rolader's argument here.

We also disagree with Rolader that application of OCGA § 17-10-6.1 renders OCGA § 17-10-1 (b) meaningless. Rolader's argument is premised on his contention that, aside from serious violent felonies, there are no other crimes to which OCGA § 17-10-1 (b) can be applied. Because there are a host of other crimes to which OCGA § 17-10-1 (b) could be applied, this argument fails as well.[5]

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

Decided April 12, 2001 

*Moulton & Massey, John W. Moulton, Laura A. Rice*, for appellant.

*Richard R. Read, District Attorney, Dabney Y. Kentner, Assistant District Attorney*, for appellee.

---

[1] See OCGA § 17-10-6.1 (a) (5).

[2] See OCGA § 17-10-6.1 (b).

[3] See *Taylor v. State*, 241 Ga. App. 439 (526 SE2d 910) (1999).

[4] Id.

[5] See, e.g., OCGA §§ 16-5-21 (aggravated assault); 16-7-1 (burglary); 16-13-30 (offenses related to controlled substances).