[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10813

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JULIUS DWIGHT MOZIE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20256-BB-1

_____

Before JILL PRYOR, BRANCH, AND LAGOA, Circuit Judges.

PER CURIAM:

Julius Dwight Mozie appeals his total sentence of 300 months' imprisonment for conspiracy to commit sex trafficking, in violation of 18 U.S.C. § 1594(c), and sex trafficking of a minor by force or coercion, in violation of 18 U.S.C. § 1591(a)(1) and (b)(1). On appeal, he argues that his sentence is procedurally unreasonable because his crimes of conviction incorporate the use of a computer and the commission of a sex act, such that sentencing enhancements for using a computer and the commission of a sex act were impermissible double counting. He also argues that his sentence is substantively unreasonable based on statistical disparities and his life expectancy. For the reasons discussed below, we affirm.

## I.

Ordinarily, we review claims of double counting *de novo*. *United States v. Aimufua*, 935 F.2d 1199, 1200 (11th Cir. 1991). However, plain-error review applies when an appellant does not bring an argument to the district court's attention. *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904 (2018). An appellant's argument survives plain-error review only when (1) an error has occurred, (2) the error was plain, (3) the error affected the defendant's substantial rights, and (4) the error seriously affected the fairness of the judicial proceedings. *Id.* at 1904–05. An error is plain if the explicit language of a statute or rule or precedent from the Supreme Court

or this Court directly resolves the issue. *United States v. Hesser*, 800 F.3d 1310, 1325 (11th Cir. 2015).

"Impermissible double counting occurs only when one part of the [U.S. Sentencing] Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *United States v. Dudley*, 463 F.3d 1221, 1226–27 (11th Cir. 2006) (quoting *United States v. Matos-Rodriguez*, 188 F.3d 1300, 1309 (11th Cir. 1999)). When adjustments to a sentence are based on sections of the Guidelines that address "different sentencing considerations," such as one section addressing the conviction for the base offense and another addressing an aggravating factor that is not an element of the underlying conviction, it is not double counting. *See United States v. Suarez*, 893 F.3d 1330, 1337 (11th Cir. 2018).

Section 1591(a) criminalizes knowingly recruiting, enticing, advertising, or soliciting by any means a person while knowing, or in reckless disregard of the fact, that the person has not attained the age of eighteen years and will be caused to engage in a commercial sex act. § 1591(a)(1). If the offense was perpetrated by means of force, threats of force, coercion, or a combination of such means, a statutory minimum term of fifteen years applies. § 1591(b)(1).

A base offense level of 34 applies to a conviction under 18 U.S.C. § 1591(b)(1). U.S.S.G. § 2G1.3(a)(1). If the § 1591 offense involved the use of a computer or interactive computer service to

entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with a minor, a sentence enhancement of two levels shall be applied. *Id.* § 2G1.3(b)(3)(B). Another two levels shall be applied if the offense involved the commission of a sex act or sexual contact. *Id.* § 2G1.3(b)(4)(A). We have held that the § 2G1.3(b)(4)(A) enhancement applies where a sex act or sexual conduct actually did occur, while criminal liability attaches under § 1591 if the defendant "put the victim in a position where a sex act *could* occur, regardless of whether a sex act eventually *did* occur." *United States v. Blake*, 868 F.3d 960, 977 (11th Cir. 2017) (emphasis in original).

Because Mozie did not object to the procedural reasonableness of his sentence or the application of either enhancement at the district court, the proper standard of review is plain error. *Rosales-Mireles*, 138 S. Ct. at 1904. We conclude that the district court did not commit error, much less plain error, in applying the computer and sex act enhancements because the crime from which his base offense level was calculated did not require the use of a computer or the commission of a sex act. 18 U.S.C. § 1591(a), (b)(1). His base offense level and the enhancements therefore accounted for different harms and do not constitute impermissible double counting. *See Dudley*, 463 F.3d at 1226-27; *Suarez*, 893 F.3d at 1337. Accordingly, we affirm as to this issue.

## II.

We evaluate the substantive reasonableness of a sentence for abuse of discretion, including whether the statutory factors in 18

U.S.C. § 3553(a) support the sentence in question. *United States v. Irey*, 612 F.3d 1160, 1188 (11th Cir. 2010) (en banc). "In reviewing the reasonableness of a sentence, we must, as the Supreme Court has instructed us, consider the totality of the facts and circumstances." *Id.* at 1189. "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* at 1189 (quoting *United States v. Campa*, 459 F.3 1121, 1174 (11th Cir. 2006) (en banc)). Further, although we do not automatically presume that a sentence within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

Traditionally, we will vacate a sentence "only if 'we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" *United States v. Woodson*, 30 F.4th 1295, 1308 (11th Cir.) (quoting *Irey*, 612 F.3d at 1190), *cert. denied*, 143 S. Ct. 412 (2022). We have stated that "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (quoting *United States v. Williams*, 456 F.3d 1353, 1361 (11th Cir. 2006)). The district court may "attach 'great weight'" to any single factor or combination of factors.

*United States v. Overstreet*, 713 F.3d 627, 638 (11th Cir. 2013) (quoting *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009)).

One of the purposes of the Guidelines is to provide certainty and fairness in sentencing, with the goal of "avoiding unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct." *United States v. Docampo*, 573 F.3d 1091, 1102 (11th Cir. 2009) (quoting 28 U.S.C. § 991(b)(1)(B)). The Supreme Court has stated that the "avoidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges." *Gall v. United States*, 552 U.S. 38, 54 (2007). When a district court correctly calculates and carefully reviews the Guidelines range, the court has "necessarily [given] significant weight and consideration to the need to avoid unwarranted disparities." *Id.*

Here, the district court appropriately considered the victims' in-court statements and the dehumanizing nature of Mozie's actions in imposing a substantively reasonable sentence. The district court recognized Mozie's difficult childhood and the time he spent in fifteen different foster homes, but it also recognized the degree of abuse Mozie committed and his statement during sentencing that he had not believed he was doing bad things. We thus conclude that the district court properly exercised its discretion in considering all of the relevant factors and weighing the seriousness of the offense conduct more heavily than the mitigating factors Mozie highlighted. Further, by correctly calculating and carefully reviewing the guideline range, the district court necessarily gave

22-10813               Opinion of the Court                    7

significant weight and consideration to the need to avoid unwarranted disparities. *See Gall*, 552 U.S. at 54. Accordingly, we affirm as to this issue.

## III.

For the reasons stated, we affirm Mozie's sentence.

**AFFIRMED.**